**Lori J. WETZEL, Appellee,**

v.

**James A. HEINEY, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 9, 2011.
Filed March 8, 2011.

---

Nancy P. Wallitsch, Allentown, for appellant.

L. Kimberly L. Bennett, Allentown, for appellee.

BEFORE: BENDER, LAZARUS and STRASSBURGER *, JJ.

OPINION BY STRASSBURGER, J.:

James A. Heiney (Husband) appeals from the divorce decree entered April 21, 2010, which made final the interlocutory order of March 27, 2008. That order denied Husband's petition for marital counseling with Lori J. Wetzel (Wife).[1] We dismiss the appeal as moot.

Wife filed a Complaint in Divorce against Husband on November 9, 2007, alleging grounds for divorce under 23 Pa. C.S. § 3301(c) (mutual consent) and § 3301(d) (two-year separation). Service was not effected until February 22, 2008.

Husband filed a petition on March 27, 2008 seeking counseling pursuant to 23 Pa.C.S. § 3302(b).[2] Section 3302 provides as follows:

> **(b) Mutual consent.**—Whenever mutual consent under section 3301(c) is the ground for divorce, the court shall require up to a maximum of three counseling sessions within the 90 days following the commencement of the action where either of the parties requests it.

23 Pa.C.S. § 3302(b). The trial judge held a hearing on the petition for marriage counseling on March 27, 2008 and denied it the same day, finding that the parties had attempted counseling on two prior occasions, and a third attempt would be futile.[3]

Husband filed a petition for reconsideration, which was denied, and, as noted, *supra*, at fn. 1, filed an appeal, which was quashed.

On June 17, 2009, Wife filed a motion for appointment of a master, and the trial court appointed a master by order of June 19, 2009. The master recommended an order on July 8, 2009 dealing with appraisals and discovery, and tentatively scheduling a settlement conference, and the trial court approved and entered such order.

Apparently with the help of the master, *see* Husband's Brief at 8 and Wife's Brief at 11, the parties resolved their issues as to both economic claims and the entry of a divorce decree.

---

* Retired Senior Judge assigned to the Superior Court.

1. Husband filed a previous appeal from this order on April 17, 2008. After argument, that appeal was quashed on June 11, 2009 as interlocutory, there being no divorce decree entered. *See Wetzel v. Heiney*, 981 A.2d 333 (Pa.Super.2009) (unpublished memorandum).

2. Wife half-heartedly argues that Husband's petition was untimely because it was filed more than 90 days after the action was commenced. Wife's Brief at 5. Clearly, in this situation, "commenced" cannot mean "filed."

It must mean "filed and served." Were it otherwise, a plaintiff could deprive a defendant of any possibility of counseling simply by delaying service.

3. In his Pa.R.A.P. 1925(a) opinion pursuant to the first appeal, the trial judge responded to Husband's contention that the court had prematurely ruled that the marriage was "irretrievably broken." The court pointed out that the only issue before him was whether to order counseling and the use of the term was merely to show that counseling would be useless.

On February 23, 2010, Wife filed her § 3301(d) affidavit providing in relevant part as follows:

1. A Complaint in Divorce alleging irretrievable breakdown of the marriage pursuant to the Divorce Code was filed on November 9, 2007.

2. The parties to this action separated in October, 2007, and have continued to live separate and apart for a period of at least two (2) years.

3. The marriage is irretrievably broken.

On March 8, 2010, Husband filed his § 3301(d) counter-affidavit, providing in relevant part as follows:

Defendant, JAMES A. HEINEY, files the within Counter–Affidavit objecting to the entry of the Decree in Divorce under Section 3301(d) of the Divorce Code and avers the following facts:

1. Check either (a) or (b):

____(a) I do not oppose the entry of a Divorce Decree

X (b) I oppose the entry of a Divorce Decree because:

____(i) The parties to this action have not lived separate and apart for a period of at least two years.

____(ii) The marriage is not irretrievably broken.

X (iii) I was denied the right to marriage counseling pursuant to 23 Pa.C.S.A. § 3302(b).

On April 14, 2010, the parties filed a 22–page Property Settlement Agreement (PSA) resolving all economic claims.

The trial court issued a divorce decree on April 21, 2010. This appeal by Husband followed on May 7, 2010. Husband's

Statement of Questions Involved raises two issues:

A. Whether the trial court abused its discretion in failing to order statutorily mandated marriage counseling pursuant to 23 Pa.C.S. § 3302(b) and Pa.R.C.P.1920.45?

B. Whether the trial court erred in going beyond the request for marriage counseling at the time of the hearing on Husband's request for marriage counseling, and finding that the parties' marriage was "irretrievably broken" prior to the statutorily required 90 day period having elapsed from the date of the commencement of the action and relied on said finding for the purpose of entering a 3301(d) divorce?

Husband's Brief at 5. We reach neither issue.

This case is controlled by Husband's § 3301(d) counter-affidavit. In that document, he fails to deny that the marriage is irretrievably broken. Thus, it was permissible for the trial court to issue the divorce decree.[4] Wife had alleged that the parties had lived separate and apart for a period of at least two years, and that the marriage was irretrievably broken. Husband denied neither, and thus grounds for a 3301(d) divorce were established.

In both the 3301(d) counter-affidavit and the PSA, Husband purports to preserve his claim for counseling. The counter-affidavit is not in compliance with the form in Pa.R.C.P. 1920.72(e)(2). In the form, there are only two bases for opposing the entry of a divorce decree:

---

4. 23 Pa.C.S. § 3301(d) provides that, "[t]he court may grant a divorce where a complaint has been filed alleging that the marriage is irretrievably broken and an affidavit has been filed alleging that the parties have lived separate and apart for a period of at least two years and that the marriage is irretrievably broken and the defendant ... [d]oes not deny the allegations set forth in the affidavit."

(i) The parties to this action have not lived separate and apart for a period of at least two years.

(ii) The marriage is not irretrievably broken.

Husband attempted to add a third: "I was denied the right to marriage counseling pursuant to 23 Pa.C.S. § 3302(b)." Husband's Counter–Affidavit to Wife's Affidavit Under Section 3301(d) of the Divorce Code, 3/8/10, ¶ 1(b)(iii), at 2.

Likewise, the PSA states "Husband intends to appeal the denial of his right to marriage counseling after a Divorce Decree has been entered pursuant to § 3301(d) of the Pennsylvania Divorce Code." PSA, 4/14/10, ¶ 28 at 16. At the same time, the PSA states "[t]he parties acknowledge and hereby confirm that they have been separated a period in excess of two (2) years and have established the grounds for a Divorce Decree to be entered pursuant to § 3301(d)." *Id.* at 16–17.

Husband is trying to have his cake and eat it too. He has agreed that a divorce can be entered and the economic claims disposed of; yet he wants an order to require counseling. The only purpose of counseling is to try to preserve the marriage. If it is admitted that the marriage is irretrievably broken, there is no point to counseling. The failure to deny irretrievable breakdown moots Husband's appeal from the order denying counseling.

Appeal dismissed as moot. Jurisdiction relinquished.