41 A.3d 1289

COMMONWEALTH of Pennsylvania, Appellant

v.

Michael PRUITT, Appellee.

Supreme Court of Pennsylvania.

Submitted Oct. 21, 2011.

Decided April 25, 2012.

Jonathan H. Kurland, Berks County District Attorney's Office, Amy Zapp, PA Office of Attorney General, Harrisburg, for Commonwealth of Pennsylvania.

David M. Osborne, Federal Public Defender's Office, for Michael Pruitt.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, MCCAFFERY, ORIE MELVIN, JJ.

## *ORDER*

PER CURIAM.

**AND NOW,** this 25th day of April, in light of the Appellee's counsel's representation that the Commonwealth "is in full compliance" with the trial court's July 19, 2010 discovery order, which is the subject of this appeal, and that "there are no additional documents that the Commonwealth can be compelled to produce," Appellee's Brief at 14–15, the Commonwealth's appeal of that order is dismissed as moot.

Chief Justice CASTILLE files a concurring statement in which Justices McCAFFERY and ORIE MELVIN join.

Chief Justice CASTILLE, concurring.

I concur in the Court's *sua sponte* decision to dismiss the Commonwealth's appeal as moot. I write separately to explain the basis for the dismissal and to address other matters not addressed by the Court's order.

Appellee Michael Pruitt, a death-sentenced prisoner, filed a petition seeking relief pursuant to the Post–Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546. As part of the PCRA proceedings, appellee filed a Motion for Discovery, requesting the production of a wide array of documents from the Berks County District Attorney's Office, the Reading Police Department, and the Pennsylvania State Police ("PSP"). The PCRA court granted this broad discovery request without any explanation. *See* Order, 7/19/2010. The Commonwealth and the PSP filed interlocutory appeals from the PCRA discovery order.[1]

This Court has made clear that a PCRA discovery request must be more than "a fishing expedition" for possible exculpatory evidence in order to satisfy the "good cause" requirement governing PCRA discovery which is set forth in Pa.R.Crim.P. 902(E)(2).[2] *See Commonwealth v. Carson*, 590 Pa. 501, 913 A.2d 220, 261 (2006). PCRA courts cannot simply order access to Commonwealth files to permit the petitioner's counsel to go rummaging about. This Court's order dismissing the Commonwealth's appeal as moot should not be interpreted as an endorsement of the PCRA court's broad discovery order here. Instead, the issue has become moot because the Commonwealth elected to comply with the discovery order, irrespective of its propriety, and appellee's federal counsel has conceded in representations to this Court that the Common-

---

1. The Commonwealth filed a Notice of Appeal on August 18, 2010, and the PSP filed a Notice of Appeal on September 1, 2010. However, on July 17, 2011, the PSP filed a notice with this Court discontinuing its appeal. Accordingly, the instant appeal involves only the Commonwealth's appeal of the PCRA court's discovery order.

2. Rule 902 provides: "On the first counseled petition in a death penalty case, no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of good cause." Pa. R.Crim.P. 902(E)(2).

wealth is in full compliance with the PCRA court's July 19, 2010 discovery order.

Appellee first raised the possibility of mootness in federal counsel's brief to this Court, claiming that the appeal had become moot because the Commonwealth "has voluntarily complied in full with the Discovery Orders by producing all responsive documents." Brief of Appellee, at 14. Appellee also stated that there were "no additional documents that the Commonwealth can be compelled to produce." *Id.* at 15. In its reply brief, the Commonwealth emphasized that it indeed had complied with the discovery request "in the spirit of comity," but noted that "there has not been any reciprocal willingness to request the vacating of the [appellee's] Discovery Order." Reply Brief of the Commonwealth at 2–3. Thus, the Commonwealth has argued that the matter is not moot because the Commonwealth was "obligated for the foreseeable future" to comply with the court's discovery order. *Id.* at 3.

The Court's brief *per curiam* order dismissing the appeal as moot attempts to address the Commonwealth's legitimate residual concern by memorializing federal counsel's concession that the Commonwealth has fully complied with the PCRA discovery order, irrespective of its propriety. The notation is important because our determination of mootness is not record-based or in response to a motion and is, instead, based upon the representations of federal counsel as to compliance. In the ordinary course, we could remand the matter to the PCRA court to make the mootness determination in the first instance, or issue a rule upon appellee requiring him to show cause why the Commonwealth's appeal should not move forward.

In my view, the question whether to dismiss this appeal on mootness grounds is a close one. The Commonwealth's decision to comply with the discovery order is singular, and the import of such accommodation should not be interpreted as a forfeiture of its right to seek review of a facially unsupported and overbroad discovery order in similar situations. Moreover, this case does not involve mere error review. There are important issues, obviously capable of repetition, presented in

this appeal concerning the collateral order doctrine as it applies in the context of capital PCRA discovery disputes, and this Court specifically directed briefing on those issues. *See* Order at 51 EAP 2010, 12/29/2010.[3] The matter has been briefed, it is ripe for review, and dismissal delays consideration of the more than likely recurring questions. On the other hand, PCRA discovery disputes can be fact-intensive; the parties' advocacy on the collateral order issues we directed them to brief is perfunctory and not particularly helpful; the parties do not discuss the most recent relevant decision, *Commonwealth v. Harris*, 32 A.3d 243 (Pa.2011); and I have no doubt another vehicle to consider the statewide issues will present itself. Indeed, at least one such case has been held pending the decision in this matter. *Commonwealth v. Williams*, 627 CAP. For this reason, I concur in the dismissal on the basis of mootness, and because this Court's order makes clear the essential fact that appellee's counsel has represented that all discovery demanded has been delivered. Thus, the Commonwealth's ill-considered discovery obligation has been met and there is no continuing obligation for the Commonwealth to comply with the PCRA court's July 19, 2010 discovery order. As appellee had made such representation to this Court, and as this Court is entering the dismissal order

3. Our order of December 29, 2010 noted that jurisdiction was deferred to the merits stage, and directed the parties to brief the collateral order questions, as follows:

1. Whether the PCRA court's discovery order is appealable as a collateral order under Pa.R.A.P. 313 and this Court's decisions in *Commonwealth v. Kennedy*, 583 Pa. 208, 876 A.2d 939 (2005), and *Commonwealth v. Dennis*, 580 Pa. 95, 859 A.2d 1270 (2004), and specifically:

(a) whether PCRA discovery orders that allegedly violate rules of discovery, *see e.g.*, Pa.R.Crim.P. 902 or this Court's decisions as to the parameters of permissible discovery, *see e.g.*, *Commonwealth v. Williams*, 557 Pa. 207, 732 A.2d 1167 (1999), are collateral orders under Rule 313;

(b) whether PCRA discovery orders that allegedly compel the discovery of protected or privileged information are appealable under Rule 313 on a category-wide basis; and if not,

(c) whether an assessment of the merits of the challenge to the PCRA discovery order may be used to differentiate those discovery orders that are appealable under Rule 313 from those discovery orders that are not.

based on this non-record representation, appellee is bound by it going forward.

Finally, I note that as the interlocutory appeal before this Court is made final by today's entry of an order dismissing the appeal as moot, there is an outstanding issue related to appellee's request to proceed *pro se*, which is to be decided by the PCRA court upon remand, as set forth in this Court's earlier order dated September 16, 2011. In its analysis of this issue, the PCRA court should be careful to examine and determine the federal court authority under which appellee's federal counsel is acting in this purely state collateral proceeding. Even if the request to proceed *pro se* is denied or withdrawn, there is the separate question of the legality of federal counsel's participation. *See* 18 U.S.C. § 3599(a)(2) (authorizing appointment of counsel to indigent state defendants actively pursuing federal *habeas corpus* relief from death sentence).

Justices McCAFFERY and ORIE MELVIN join this concurring statement.