J-A01025-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| AHRCO-MONVIEW HEIGHTS, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| AMBER EUBANKS, | : | |
| | : | |
| Appellant | : | No. 671 WDA 2014 |

Appeal from the Judgment entered June 17, 2014,
Court of Common Pleas, Allegheny County,
Civil Division at No. LT 13-870

BEFORE: FORD ELLIOTT, P.J.E., DONOHUE and ALLEN, JJ.

MEMORANDUM BY DONOHUE, J.: **FILED FEBRUARY 18, 2015**

Amber Eubanks ("Eubanks") appeals from the judgment entered by the Allegheny County Court of Common Pleas on June 17, 2014, following the trial court's March 10, 2014 order granting AHRCO-Monview Heights ("AHRCO") possession of 28F Midway Drive, Pittsburgh, Pennsylvania 15122 ("the Property"), thereby affirming the arbitration decision in the matter.[1] On appeal, she challenges the trial court's refusal to dismiss the complaint

---

[1] Eubanks filed her notice of appeal from the March 25, 2014 order denying her post-verdict motion. It is well-settled law, however, that "[a]n appeal to this Court can only lie from judgments entered subsequent to the trial court's disposition of post-verdict motions, not from the order denying post-trial motions." *Fanning v. Davne*, 795 A.2d 388, 391 (Pa. Super. 2002) (citation omitted). On June 5, 2014, this Court entered an Order Per Curiam informing Eubanks that judgment had not been entered, rendering the appeal interlocutory, and instructing Eubanks to provide proof within fourteen days that judgment had been entered. Order, 6/5/14. Eubanks timely complied with our request. Thus, for the sake of judicial economy, we will "regard as done that which ought to have been done," and assume jurisdiction over this appeal. *Fanning*, 795 A.2d at 392.

filed by AHRCO as moot following her voluntary relinquishment of the property to AHRCO on March 7, 2014. Upon review, we affirm.

The record in this case reflects the following relevant facts and procedural history. Eubanks entered into a lease with AHRCO to rent the Property on May 5, 2009. On November 7, 2012, February 28, 2013 and May 20, 2013, AHRCO provided Eubanks with fifteen-day notices to vacate the premises based upon her violation of the lease agreement, including allegedly permitting known defiant trespassers to live in the Property and allegedly having been arrested and charged for burglarizing a neighboring apartment on the premises. Eubanks failed to vacate the Property.

On September 11, 2013, AHRCO filed a complaint in civil action, naming Eubanks as the defendant, seeking possession of the Property based upon the above-alleged failures to abide by the terms of the lease agreement. Eubanks filed an answer on October 21, 2013, denying that AHRCO had grounds to evict her from the Property or that she violated any material terms of the lease.

The case proceeded to compulsory arbitration on October 31, 2013, and the panel of arbitrators entered an award in favor of AHRCO. On November 26, 2013, Eubanks filed a timely notice of appeal to the Allegheny County Court of Common Pleas. A nonjury trial was scheduled for March 10, 2014. That same day, Eubanks filed a motion for a judgment of non pros,

alleging therein that she voluntarily vacated the Property, rendering the case moot.

The trial court permitted argument on the motion prior to proceeding with the bench trial. At that time, Eubanks clarified that she believed that because she voluntarily relinquished possession of the Property, the **complaint** filed by AHRCO was moot. N.T., 3/10/14, at 4-5. AHRCO disagreed, stating that the **appeal** was moot, but not the complaint itself. *Id.* at 3-4. The trial court agreed with AHRCO, stating:

> I cannot set aside the Board of Arbitrators['] decision by the mere withdrawing of the [appeal]. I'm not going to do – I wouldn't do anything with the Board of Arbitrator's [sic] decision. It stands for whatever it's worth.
>
> Whether or not the appeal was withdrawn or thrown out or whatever, it wouldn't matter. It doesn't change it other than having a hearing to see if it will be reinstated.

*Id.* at 5.

Following the nonjury trial, the trial court entered a verdict in favor of AHRCO, granting it possession of the Property and ordering the release of all escrowed money to AHRCO. Eubanks filed a timely motion for post-trial relief on March 20, 2014, requesting that the trial court reconsider her motion for judgment of non pros or, in the alternative, a directed judgment in her favor based upon AHRCO's failure to prove that she committed a material breach of the lease. The trial court denied Eubanks' motion on

March 25, 2014. Eubanks filed an appeal to this Court on April 24, 2014. Both Eubanks and the trial court complied with Rule of Appellate Procedure 1925.

On appeal, Eubanks raises one issue for our review: "Should the trial court have dismissed [AHRCO's] [c]omplaint asking for possession of [Eubanks'] apartment after [Eubanks] surrendered possession of her apartment to [AHRCO] before trial?" Eubanks' Brief at 2.

Our standard of review is as follows:

> When reviewing the verdict from a bench trial, we must review the evidence of record in the light most favorable to the verdict winner to determine whether competent evidence supports the trial court's findings and whether it erred in reaching its conclusions of law. We afford the same weight to the trial court's findings of fact as we do a jury's verdict. We will only reverse if the trial court's findings of fact are unsupported by competent evidence or if it erred as a matter of law.

***Newman Dev. Grp. of Pottstown, LLC v. Genuardi's Family Mkt., Inc.***, 98 A.3d 645, 652 (Pa. Super. 2014) (en banc) (internal citations omitted); ***see also Manack v. Sandlin***, 812 A.2d 676, 679-80 (Pa. Super. 2002) (applying this standard of review to a trial court's verdict following its decision on appeal from a compulsory arbitration decision).

In its written opinion pursuant to Pa.R.A.P. 1925(a), the trial court found that Eubanks' request for a judgment of non pros was not supported by the record, as "[n]o evidence exists that [AHRCO] failed to timely prosecute this matter." Trial Court Opinion, 6/9/14, at 3. The trial court

further stated that Eubanks "could have voluntarily withdrawn her appeal from the [o]rder of the Board of Arbitrators," but did not do so. *Id.*

Eubanks argues that the trial court erred by failing to dismiss AHRCO's complaint seeking possession of the Property as moot. Eubanks' Brief at 7. She asserts that because AHRCO only sought possession, and it was in possession of the Property prior to the nonjury trial, no actual controversy existed, requiring dismissal of the case. *Id.* at 6-8. She acknowledges on appeal that "her presentation of the issue was technically defective," as she should have filed a motion for summary judgment, not a judgment of non pros.[2] *Id.* at 11. Nonetheless, she states that the trial court should have ignored the procedural error and "considered the broader issue of whether or not to dismiss the case as moot," and that the trial court could have and should have dismissed the case on mootness grounds sua sponte. *Id.* at 11-13.

Initially, we observe that Eubanks is incorrect that a motion for summary judgment would have been proper in this instance. "Only where there is no genuine issue as to any material fact **and it is clear that the moving party is entitled to a judgment as a matter of law** will

---

[2] "A Court may properly enter a judgment of non pros when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as the death or unexplained absence of material witnesses." *Stephens v. Messick*, 799 A.2d 793, 797 (Pa. Super. 2002) (citation omitted).

- 5 -

summary judgment be entered." **Stein v. Magarity**, 102 A.3d 1010, 1013 (Pa. Super. 2014) (emphasis added; citation omitted). The fact that Eubanks voluntarily relinquished the Property to AHRCO while the case was pending on appeal before the trial court did not entitle her to judgment as a matter of law on the issue of whether she breached her lease entitling AHRCO to possession of the property. Rather, as we explain infra, at most, her actions entitled her to a dismissal of the appeal.

The law is clear that any party to a compulsory arbitration has the right to appeal the arbitration decision for a trial de novo in the Court of Common Pleas. 42 Pa.C.S.A. § 7361(d). "Upon entry of the compulsory arbitration award on the docket and appropriate notice, the award [takes] the force and effect of a final judgment." **Stivers Temp. Pers., Inc. v. Brown**, 789 A.2d 292, 294 (Pa. Super. 2001). In the absence of an appeal, the arbitration decision is a final order and is treated and enforced as any other judgment. 42 Pa.C.S.A. § 7361(d); Pa.R.C.P. 1307(c).

The filing of an appeal does not eradicate the decision by the arbitrators. Rather, it is the new adjudication entered by the trial court after a de novo trial on the appeal that voids the arbitration decision, as it takes away the force and effect of the arbitration decision. If the mere filing of an appeal were enough to vacate the arbitration decision, this would eviscerate the purpose of compulsory arbitration, rendering the decision of the arbitrators a nullity. The defendant could use compulsory arbitration to test

the waters, appeal the decision, and then take action to moot the issue raised to avoid having a judgment against him or her. This is especially true where, as here, the appellant is in forma paurperis, and essentially has nothing to lose. *See* Pa.R.C.P. 1308(a)(2) (requiring the party appealing from the arbitration decision to pay the arbitration fee unless the appellant is in forma paurperis); *Dickerson v. Hudson*, 302 A.2d 444, 448-49 (Pa. Super. 1973) ("The requirement that the appellant repay to the county the fees of the arbitrators is obviously designed to serve as a brake or deterrent on the taking of frivolous and wholly unjustified appeals[.]").

We recently summarized the mootness doctrine as follows:

> As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. In that case, an opinion of this Court is rendered advisory in nature. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.

*In re J.A.*, ___ A.3d ___, 2015 WL 63002, *10 (Pa. Super. Jan. 6, 2015) (citation omitted). Where an appeal is mooted by a change in intervening facts or law, the **appeal** is subject to dismissal. *See, e.g., Commonwealth v. Pruitt*, 41 A.3d 1289 (Pa. 2012) (per curiam) (sua sponte dismissing the Commonwealth's appeal as moot because subsequent to the filing of the appeal, the Commonwealth took action to bring itself "in

full compliance with the trial court's … discovery order," which was the basis for the Commonwealth's appeal); **Wetzel v. Heiney**, 17 A.3d 405, 408 (Pa. Super. 2011). Eubanks cites no case law (and our research has revealed none) supporting a finding that a case rendered moot after the filing of a notice of appeal results in the dismissal of the underlying order that led to the appeal. Under established principles, the appeal would become moot and the decision from which the appeal was taken would remain in effect.

Furthermore, although Eubanks is correct that her voluntary relinquishment of the property to AHRCO left the case devoid of a controversy, rendering the appeal before the trial court moot, the trial court did not err by failing to dismiss the appeal as moot. There are three recognized exceptions to the mootness doctrine, which permit decision on a case despite its mootness: (1) the appeal presents a question of great public importance; (2) the appeal presents a question that is capable of repetition but likely to evade review; or (3) a party to the appeal will suffer some detriment because of the decision appealed. **In re D.A.**, 801 A.2d 614, 616 (Pa. Super. 2002) (en banc). Here, as stated by Eubanks, "a final finding that she breached her lease … would likely affect her ability to find future housing, especially through a federally subsidiz[ed] housing program." Eubanks' Brief at 8 n.1 (citing 24 C.F.R. § 982.552(c)(1)(ii)). Because Eubanks herself would suffer a detriment because of the arbitration

decision, the trial court correctly refused to sua sponte dismiss the appeal as moot.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2015