# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James D. Schneller, : 
          Appellant : 
            : No. 1313 C.D. 2016
v. : Submitted: April 21, 2017
            : 
Philadelphia District Attorney : 

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**          **FILED: August 3, 2017**

James D. Schneller (Requester), representing himself, appeals from an order of the Court of Common Pleas of Philadelphia County (trial court)[1] affirming the mootness of his appeals filed pursuant to the Right-to-Know Law (RTKL).[2] Requester submitted a request to the Philadelphia District Attorney's Office (DA Office) for records related to his private criminal complaint. Although the DA Office disclosed responsive records, Requester appealed to the Office of Open Records (OOR) and the DA-designated appeals officer, who dismissed his appeal as moot. He appealed both final determinations to the trial court, arguing the DA Office withheld judicial records and the DA litigation file, and questioning the affidavits.

Before this Court, Requester challenges the trial court's jurisdiction to consider appeals involving judicial records. He contends the trial court erred in not

---

[1] The Honorable Linda J. Carpenter presiding.

[2] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

addressing the DA appeals officer's review limited to criminal investigative records under Section 503(d)(2) of the RTKL, 65 P.S. §67.503(d)(2). He claims his request sought records outside the criminal investigative exception, Section 708(b)(16) of the RTKL, 65 P.S. §67.708(b)(16), that were withheld, implicating the dual jurisdiction of both OOR and the DA appeals officer. He also accuses the DA Office of bad faith. In addition, Requester argues he is entitled to greater access because the records pertain to a criminal complaint he filed. Upon review, we affirm.

## I. Background

Requester sought: "[a]ny and all records concerning [a] private criminal complaint filed by [Requester], No. MC-51-CF-9000157-2014, Com. [v.] Hill, including trial and all related cases, up to present, including electronic files of any sort." Supplemental Reproduced Record (S.R.R.) at 1b (Request) (emphasis added). The DA Office provided responsive records on August 20, 2015. As he did not receive a response within five days, Requester appealed to both OOR and to the DA appeals officer, believing his Request was deemed denied.[3]

## A. OOR Appeal

Shortly after filing his appeal, Requester amended it to advise that the DA Office provided responsive records. However, he maintained all responsive records were not produced. OOR invited the parties to supplement the record. The DA Office provided copies of the records disclosed, and an affidavit of its open records officer confirming her disclosure of "a copy of the entire contents of the file

---

[3] Presumably, Requester appealed to OOR *and* the DA appeals officer because appeals as to "law enforcement" or "criminal investigative" records of a local agency are not heard by OOR, but by a DA-designated appeals officer. Section 503(d)(2) of the RTKL, 65 P.S. §67.503(d)(2).

in MC-51-CR-9000157-2014, which consisted of approximately 80 pages." Certified Record (C.R.), Item No. 8 (First Affidavit). Nevertheless, Requester alleged more records existed, including records maintained electronically. In response, the DA Office submitted another affidavit stating "there are no electronic files related or pertaining to [Requester's] case," and explaining it produced complaints from the internal database maintained by staff, though not maintained by the DA Office. C.R. at Item No. 10 (Supplemental Affidavit). Further, the DA Office confirmed "the unredacted documents already provided to [Requester] … constitute the entire file and encompass all of the documents that [it] possesses that are responsive to his [R]equest." Id. Accordingly, OOR dismissed the appeal as moot. Requester sought reconsideration, which OOR denied.

## B. DA Appeals Officer

Subsequent to receiving responsive records, Requester also appealed the DA Office's response to the DA appeals officer designated under Section 503(d)(2) of the RTKL, 65 P.S. §67.503(d)(2). Though his appeal appears untimely,[4] the DA appeals officer also deemed it moot, citing OOR's final determination.

## C. Trial Court

Requester appealed the final determinations of both OOR and the DA appeals officer to the trial court in a single petition for review. Section 1301 of the RTKL, 65 P.S. §67.1301(a). He argued the DA Office narrowly construed his Request, and he questioned the veracity of the affidavits as to the non-existence of other records. He contended additional responsive records exist in litigation files.

---

[4] Section 1101(a) of the RTKL, 65 P.S. §67.1101(a) (timeframe for appeal).

3

Based on the parties' briefs and oral argument, the trial court denied the petition for review. Requester then filed a notice of appeal to this Court.

In its subsequent opinion, the trial court advised that Requester waived his right to contest its order because he did not comply with Pa. R.A.P. 906, requiring service of the notice of appeal on the trial judge. On that basis, the trial court invites this Court to quash Requester's appeal.

As to the merits, the trial court accepted OOR's finding crediting the affidavits of the DA Office confirming its disclosure of all responsive records within its control to Requester. It reasoned that the affidavits amply supported the appeals officers' final determinations dismissing Requester's appeals as moot.

The parties filed briefs on the merits, to which the DA Office appended a supplemental reproduced record. Requester's motion to strike the supplemental record, based on redundancy and prejudice, is also before us for disposition.

## II. Discussion

On appeal,[5] Requester argues the trial court erred in concluding his appeal was moot when the DA Office did not establish it produced all responsive records. He claims the First Affidavit is insufficient because it did not describe the search performed. Specifically, he contends the DA Office did not provide its entire litigation file. He also challenges the trial court's jurisdiction when his Request

---

[5] Our review of a trial court's decision in a RTKL appeal is limited to determining whether the trial court committed an error of law and whether its findings of fact were supported by substantial evidence. Paint Twp. v. Clark, 109 A.3d 796 (Pa. Cmwlth. 2015).

4

implicates judicial records, triggering this Court's jurisdiction over such records. In addition, he asserts violations of his due process rights during the proceedings.

## A. Jurisdiction

First, we consider Requester's jurisdictional challenge. He argues the trial court lacked jurisdiction because responsive records should have included a DA litigation file and "judicial records" within this Court's jurisdiction.

At the outset, we reject Requester's premise that "judicial records" are accessible under the RTKL. Grine v. Cnty. of Centre, 138 A.3d 88 (Pa. Cmwlth.) (en banc), appeal denied, 157 A.3d 483 (Pa. 2016). Indeed, the RTKL contains no such term. See Section 102 of the RTKL, 65 P.S. §67.102 (definitions).

Moreover, to the extent Requester seeks "court records," such records are not "public records" under the RTKL. Faulk v. Phila. Clerk of Courts, 116 A.3d 1183 (Pa. Cmwlth. 2015). Regardless, "court records" remain accessible under common law. Id.; see Commonwealth v. Fenstermaker, 530 A.2d 414 (Pa. 1987).

The RTKL does not apply to "judicial records" or "court records" as Requester assumes as the predicate for this Court's jurisdiction. Appellant's Br. at 17 (stating "this appeal involves records that are clearly not criminal investigative records, and are also likely in part to be judicial records…"). Although there is no category of "judicial records" under the RTKL, the RTKL allows public access to financial records *of a judicial agency*. Grine. Here, Requester did not submit his Request to a judicial agency. Miller v. Centre Cnty., 135 A.3d 233 (Pa. Cmwlth.

5

2016) (en banc), appeal granted, (Pa., No. 98 MAP 2016, October 5, 2016) (holding district attorney's office is not a "judicial agency" under RTKL). Nor did he explain the records evidence an activity "of" a judicial agency so as to have dual character as a local agency record and a judicial agency record. Grine. Our jurisdiction is confined to Commonwealth agencies, legislative agencies and judicial agencies, not local agencies like the DA Office. Section 1301(a) of the RTKL, 65 P.S. §67.1301(a).

Appeals from an OOR final determination that pertain to local agencies are properly heard by "the court of common pleas for the county where the local agency is located." Section 1302(a) of the RTKL, 65 P.S. §67.1302(a). Similarly, appeals from determinations issued by DA-designated appeals officers follow the same appeal path as that of other local agencies, the local court of common pleas. Pennsylvanians for Union Reform v. Centre Cnty. Dist. Att'y Office, 139 A.3d 354 (Pa. Cmwlth. 2016). The trial court, as the court of common pleas of the county in which the DA Office performs its work, is the proper Chapter 13 court to review this records dispute. Thus, the trial court had proper jurisdiction over Requester's appeals from both the final determinations of OOR and of the DA-designated appeals officer.

As a regular practice, we caution against deciding appeals from two final determinations from two types of appeals officers with different scopes of review in the same petition for review. That practice may unnecessarily complicate appellate review, particularly where the substantive issues before these types of local

6

agency appeals officers differ.[6]  Despite the procedural irregularities here, where the evidence before the appeals officers was the same, and the grounds for the determinations identical, we discern value in the trial court considering both Chapter 13 appeals in one petition for review.  Accordingly, we consider the trial court's decision upholding the appeals officers' dismissals in our appellate capacity.[7]

## B. Motion to Strike

Before reaching the merits, we consider Requester's motion to strike the supplemental reproduced record the DA Office appended to and referenced in its brief.  See Appellee's Br. at 5 n.1.  Requester contends the submission is improper under the Pennsylvania Rules of Appellate Procedure.  He also asserts it is part of the agency's "tactics intended to build on appellant's being *pro se* and any related taint that might accumulate in favor of the claim of unfoundedness of the appeal …."  Appellant's Reply Br. at 4.

---

[6] A DA-designated appeals officer's review is limited to law enforcement and criminal investigative records, and whether records are protected by Section 708(b)(16) of the RTKL, or fall within an exception to its terms, like private criminal complaints in subpart (i), or under a related rule or law, *e.g.*, the Criminal History Records Information Act (CHRIA), 18 Pa. C.S. §§9101-9183. OOR may consider all other RTKL exceptions, applicable privileges and legal exemptions.

[7] We decline the trial court's entreaty to quash the appeal based on Requester's noncompliance with Pennsylvania Rule of Appellate Procedure 906.  It requires an appellant to serve the notice of appeal on "[t]he judge of the court below …."  Pa. R.A.P. 906.  Although the docket reflects the trial judge's address is "3 South Penn Square, Philadelphia, 19107" Reproduced Record (R.R.) at 3a, Requester mailed the notice to "First Judicial District of Pennsylvania, City Hall, Philadelphia, 19107."  See Notice of Appeal (Proof of Service).  As we recently noted, "failure to comply with [Pa. R.A.P. 906(a)(2)] is not a fatal defect that requires dismissal of an appeal[.]"  F.A. Prop. Corp. v. City of Phila., et al. (Pa. Cmwlth., No. 122 C.D. 2016, filed March 6, 2017), slip op. at 8, n.4 (unreported), 2017 WL 877314, at *4, n.4.

Under the rules, the parties are required to designate the contents of a reproduced record before filing it. Pa. R.A.P. 2154. Here, Requester, as appellant, had the duty to designate the reproduced record contents. Id. He did not do so. In addition, Requester did not comply with the requirement to include a "full and complete table of contents" in Pa. R.A.P. 2174(a). Specifically, he did not comply with the mandate to "include a reference to all reproduced exhibits, indicating what each is …." Id. The table of contents for Requester's 331-page reproduced record consists of two entries: (1) "Docket Entries;" and, (2) "Reproduced Record." See Reproduced Record (R.R.) at 2a. Lacking dividers or identification, it is unclear where one document begins and ends. Despite his noncompliance with these rules, Requester asks this Court to enforce the rules against the DA Office.

Rule 2156 allows for the filing of a supplemental reproduced record in "exceptional circumstances." Pa. R.A.P. 2156. This Court "may suppress a supplemental record which has been separately reproduced without good cause." Id., *Note*. The rule does not require a party to seek leave of court before filing.

Here, the DA Office submitted the supplemental reproduced record because Requester's reproduced record included material that was "wholly unrelated to the issues presented on appeal." Appellee's Br. at 5, n.1. It thus identified irrelevance and judicial economy as the "good cause." Id.

Requester's reproduced record is both difficult to follow, and noncompliant with the table of contents requirement. By contrast, the supplemental reproduced record contains a thorough table of contents that describes each entry,

accompanied by pagination. Accordingly, we deem the infirmities in Requester's reproduced record good cause to include a properly organized and labeled supplemental reproduced record for the Court's benefit.

Regardless of the contents of the reproduced record, or supplemental reproduced record, this Court's review is confined to those documents that also appear in the certified record. B.K. v. Dep't of Pub. Welfare, 36 A.3d 649 (Pa. Cmwlth. 2012). Accordingly, submission of a supplemental reproduced record that contains no extra-record material causes no prejudice.

Relevant here, the supplemental reproduced record contains no extra-record material. From our review, the supplemental reproduced record contains only those records pertinent to the trial court's disposition of the petition for review. Because all of these records also appear in the certified record, we are duty-bound to consider them. B.K.; cf. In re Appeal of AMA/Am. Mktg. Ass'n, Inc. (Pa. Cmwlth., Nos. 643 & 644 C.D. 2015, filed June 14, 2016), slip op. at 11 n.3 (unreported), 2016 WL 3258103, *4 n.3 (noting extra-record evidence stricken from reproduced record).

Because the supplemental reproduced record remedied the defects in Requester's reproduced record, assisting our review, and it contains no extra-record material, we deny Requester's motion to strike.

**C. Mootness**

Turning to the merits, we consider whether there is sufficient evidence supporting the trial court's conclusion as to the mootness of Requester's appeals.

9

Both OOR and the DA appeals officer dismissed Requester's local agency appeals as moot based on his receipt of responsive records, substantiated by the First Affidavit and the Supplemental Affidavit. Nonetheless, Requester challenges "reliance on [Affidavits] despite an overt likelihood that additional record[s] exist …." R.R. at 19a (Pet. for Review).

As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. Pilchesky v. Lackawanna Cnty., 88 A.3d 954 (Pa. 2014). Where an appeal is mooted by a change in intervening facts or law, the appeal is subject to dismissal. Commonwealth v. Pruitt, 41 A.3d 1289 (Pa. 2012) (per curiam).

In determining whether a RTKL appeal is moot, an appeals officer may consider affidavits as to nonexistence of records, or substantiating the completeness of the response. See, e.g., Dep't of Transp. v. Drack, 42 A.3d 355 (Pa. Cmwlth. 2012) (issue not mooted for provision of responsive records when records are provided in redacted form); but see Drack v. Borough of Carlisle Open Records Officer (Pa. Cmwlth., No. 2128 C.D. 2014, filed January 13, 2016) (unreported) (upholding trial court's dismissal of mandamus action as moot when requester received records; affidavit of nonexistence unnecessary to prove records provided). This Court routinely affirms OOR's dismissal of moot appeals. See, e.g., Germantown Cab Co. v. Phila. Parking Auth. (Pa. Cmwlth., No. 160 C.D. 2012, filed June 27, 2013) (unreported), 2013 WL 3270867 (affirming dismissal as moot when request challenged adequacy of records received).

10

However, courts recognize three exceptions to the mootness doctrine. Pub. Defender's Office of Venango Cnty. v. Venango Cnty. Court of Common Pleas, 893 A.2d 1275 (Pa. 2006). We permit a decision on an otherwise moot appeal when: (1) the appeal presents a question of great public importance; (2) the appeal presents a question that is capable of repetition but likely to evade review; or, (3) a party to the appeal will suffer some detriment from the decision appealed. Id. We consider these exceptions when analyzing the mootness of a RTKL appeal. Phila. Pub. Sch. Notebook v. Sch. Dist. of Phila., 49 A.3d 445 (Pa. Cmwlth. 2012).

Significantly, Requester does not argue his appeal falls within an exception to the mootness doctrine. Rather, he denies that his appeals are mooted by the provision of records, presuming additional responsive records exist. His primary contention is that the DA file pertaining to his private criminal complaint should have contained a number of records not disclosed, including related court documents, correspondence and attorney work-product. Based on that assumption, he argues the trial court erred in accepting the veracity of the Affidavits.

"Affidavits are the means through which a governmental agency details the search it conducted for the documents requested …." Office of the Governor v. Scolforo, 65 A.3d 1095, 1103 (Pa. Cmwlth. 2013) (en banc). "[A]n agency may satisfy its burden of proof that it does not possess a requested record with either an unsworn attestation by the person who searched for the record or a sworn affidavit of nonexistence of the record." Hodges v. Dep't of Health, 29 A.3d 1190, 1192 (Pa. Cmwlth. 2011); see Moore v. Office of Open Records, 992 A.2d 907 (Pa. Cmwlth. 2010) (affidavit constitutes competent evidence as to nonexistence of record).

11

This Court recently emphasized, "[a]bsent evidence of bad faith, the veracity of an agency's submissions is not reasonably questioned." Butler v. Dauphin Cnty. Dist. Att'y Office, __ A.3d __, __, (Pa. Cmwlth., No. 1616 C.D. 2016, filed June 13, 2017), slip op. at 12 (citation omitted). We decline to reverse a trial court's determination that a requester received all responsive records when affirmations verify the completeness of the disclosure. Id.

In Butler, we rejected a requester's challenge to the completeness of a response based on his unsubstantiated belief that additional records should exist in the agency's files. Id. There, we reasoned an agency may be presumed to "act in good faith in discharging [its] statutory duties under the RTKL." Id. at __, slip op. at 11 (quoting Office of the Governor v. Donahue, 98 A.3d 1223, 1226 (Pa. 2014)).

Here, the Affidavits reflect that the DA Office disclosed all responsive records, including electronic records, related to the specified private criminal complaint. Requester's unsubstantiated belief that the DA Office should have more responsive records in its files than those disclosed is not a sufficient basis to overcome the open record officer's sworn statements. Id. To the extent Requester intended to seek more specific records in his Request, (*i.e.*, "DA litigation file"), he is able to make another request under the RTKL for the allegedly omitted files.

We also disagree with Requester that the Affidavits are conclusory. Conclusory affidavits are not competent evidence. Scolforo. Sufficient affidavits set forth facts underlying a conclusion with enough detail so a fact-finder may draw its conclusions. McGowan v. Dep't of Envtl. Prot., 103 A.3d 374 (Pa. Cmwlth. 2014).

12

The DA Office disclosed copies of "essentially, the entirety of the [DA] Office's file" to Requester.  R.R. at 59a.  The First Affidavit by the open records officer substantiates the completeness of its response, stating that it provided a copy of the contents of the file pertaining to his private criminal complaint.  First Affidavit at ¶2.  The Supplemental Affidavit contains more detail.  In response to Requester's accusation that the DA Office withheld files stored electronically, it attests "[t]here are no electronic files related or pertaining to [Requester's] case at MC-51-CR-9000157-2014."  Supplemental Affidavit at ¶8.  It explains the private criminal complaint process, where staff maintains an internal database that is not part of the DA Office's files.  Id. at ¶9.  The open records officer attests to the best of her knowledge that "the [DA Office] does not have any other electronic documents or records pertaining to or related to this [R]equest."  Id. at ¶10.  She confirms, "[t]he unredacted documents already provided to [Requester] by the [DA Office] constitute the entire file and encompass all of the documents [that it] possesses that are responsive to his [R]equest."  Id. at ¶11 (emphasis added).

The Affidavits, particularly the Supplemental Affidavit that directly responds to Requester's allegations that it withheld documents, are sufficient evidence that the DA Office fulfilled its obligations under Chapter 9 of the RTKL.  Hodges; Germantown Cab slip op. at 7-8, at *3 ("it is well-settled that an affidavit of an open records officer is sufficient evidence to support a finding by [OOR] that all responsive public records [were] provided").  "In the absence of any competent evidence that the agency acted in bad faith or that the agency records exist, 'the

averments in [its] affidavits should be accepted as true.'" Uniontown Newspapers, Inc. v. Dep't of Corr., 151 A.3d 1196, 1209 (Pa. Cmwlth. 2016) (citation omitted).

Because Requester did not show bad faith to impugn their veracity, the trial court did not err in relying on the appeals officers' findings crediting the Affidavits. Based on the credited Affidavits, there is nothing more this Court or the trial court could order to be disclosed. Lyft, Inc. v. Pa. Pub. Util. Comm'n, 145 A.3d 1235, 1248 (Pa. Cmwlth. 2016) (en banc) ("A matter is moot when a court cannot enter an order that has any legal effect."). Therefore, Requester's access dispute is moot.

### D. Bad Faith

Further, this Court discerns no merit in Requester's general allegations that the DA Office committed bad faith here. Notably, Requester did not refer to any evidence of bad faith. He offered only personal speculation that bad faith must have occurred based on his belief that additional responsive records exist. The Affidavits disprove his belief as to additional records. Moreover, evidence is required to establish bad faith under the RTKL. Office of Dist. Att'y of Phila. v. Bagwell, 155 A.3d 1119 (Pa. Cmwlth. 2017). We will not find bad faith based on pure speculation. Here, Requester has presented no more than speculation, which is not competent evidence. Commonwealth v. Spotz, 47 A.3d 63 (Pa. 2012); see also Carey v. Dep't of Corr., 61 A.3d 367 (Pa. Cmwlth. 2013) (more than speculation is required to prove security exceptions).

14

## E. Due Process

Next, we address Requester's due process challenge. He claims the trial court should have considered the matter *de novo* and held a hearing or allowed discovery to enable him to prove the records disclosed were incomplete.

A Chapter 13 court is free to rely on the record created by the appeals officer below, or to create its own. Dep't of Labor & Indus. v. Heltzel, 90 A.3d 823 (Pa. Cmwlth. 2014) (en banc). The trial court did not err in relying on the appeals officers' decisions here. The appeals officers accepted evidence regarding the completeness of records, which was the only issue before them.

Moreover, a requester is not entitled to a hearing under the RTKL. Section 1102(a) of the RTKL, 65 P.S. §67.1102(a). An appeals officer has discretion in developing the record. Dep't of Educ. v. Bagwell, 114 A.3d 1113 (Pa. Cmwlth. 2015). The process due in this statutory scheme is notice and an opportunity to present evidence to the fact-finder. Dep't of Educ. v. Bagwell, 131 A.3d 638 (Pa. Cmwlth. 2015).

Requester had an opportunity to present evidence and to submit position statements to OOR, the fact-finder in these proceedings. He also had a full and fair opportunity to present argument to the trial court. These proceedings afforded him adequate due process.

15

## F. Requester Identity

Lastly, we consider Requester's argument that as the victim of a crime (detailed in the private criminal complaint he filed), he is entitled to greater access to related records.

The RTKL offers citizens a right to access records "open to the entire public at large." Padgett v. Pa. State Police, 73 A.3d 644, 647-48 (Pa. Cmwlth. 2013). Under the RTKL, all requesters are on equal footing, without regard to their personal right to the records based on a relationship to the records at issue. See, e.g., Coulter v. Pa. Bd. of Prob. & Parole, 48 A.3d 516, 519 (Pa. Cmwlth. 2012) (parolee requester's home plans are not accessible to her under RTKL though she is subject of records). A requester's identity as the subject of the record, or other relationship to the record offers no greater access because such considerations are irrelevant in the statutory scheme. See Section 302(b) of the RTKL, 65 P.S. §67.302(b) (local agency shall not deny access based on requester's intended use for the record); see, e.g., Clinkscale v. Dep't of Pub. Welfare, 101 A.3d 137 (Pa. Cmwlth. 2014) (requester seeking social services record not entitled to access as recipient of services); Hunsicker v. Pa. State Police, 93 A.3d 911 (Pa. Cmwlth. 2014) (sister of deceased victim not entitled to greater access).

Requester submitted the Request pursuant to the RTKL, not as a discovery request or based on his status as a crime victim. As a consequence, he has no greater access to records than any other member of the public. Hunsicker.

16

### III. Conclusion

Discerning no error below, we affirm the trial court's order affirming OOR's dismissal. We also deny Requester's motion to strike.

_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James D. Schneller,            :
              Appellant     :
                          :    No. 1313 C.D. 2016
      v.                   :
                          :
Philadelphia District Attorney   :

## **O R D E R**

**AND NOW**, this 3rd day of August, 2017, the order of the Court of Common Pleas of Philadelphia County is **AFFIRMED**. Appellant's motion to strike is **DENIED**.

 

 

_____
ROBERT SIMPSON, Judge