IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dmitry Kupershmidt,          :
         Appellant        :
                       :
         v.               :    No. 2453 C.D. 2015
                       :    Submitted: June 6, 2016
Wild Acres Lakes Property Owners'   :
Association                :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge
                HONORABLE DAN PELLEGRINI, Senior Judge

OPINION
BY PRESIDENT JUDGE LEAVITT             FILED: July 25, 2016

Dmitry Kupershmidt appeals an order of the Court of Common Pleas of Pike County (trial court) granting the motion of the Wild Acres Lakes Property Owners' Association (Association) to dismiss as moot Kupershmidt's petition to review corporate action and for temporary injunctive relief.[1] The trial court held that Kupershmidt's petition, which challenged his removal from the Association's Board of Directors, was rendered moot by a subsequent vote of the Association's general membership to remove the entire Board of Directors. For the reasons that follow, we reverse and remand for proceedings on the merits of Kupershmidt's petition.

Kupershmidt was elected to the Association's Board of Directors and was serving as the Board's acting Chairman when, in May of 2014, he was criminally charged with conspiracy to influence the outcome of an upcoming

---

[1] The petition requested temporary injunctive relief in the nature of mandamus; however, mandamus is an action at law that bears no relation to equity. What Kupershmidt seeks is a mandatory injunction.

election of the Board of Directors.[2]  On June 21, 2014, at its regular meeting, the Board of Directors voted to remove Kupershmidt from the Board.

Thereafter, on June 24, 2014, the Board of Directors sent Kupershmidt a "Notice of Disciplinary Action and Hearing" informing him of his removal from the Board.  Reproduced Record at 9 (R.R. __).  The Notice stated, in relevant part, as follows:

> PLEASE BE ADVISED that at a meeting of the Board of Directors of Wild Acres Property & Homeowners Association, Inc. ("the Association") held on June 21, 2014, the Board of Directors of the Association voted to remove you as a member of the Board of Directors of the Association – which includes your acting as the Chairman of the Board of Directors – and declare your Director position vacant, for violation of Section 3.6(C) of the By-Laws of the Association,[3] for breach of your fiduciary duty to the Association, for conduct unbecoming of a Board member, and for other proper cause, as follows:
>
>> - Attempting to illegally influence the 2014 election for the Board of Directors of the Association
>>
>> - Instructing the Director of Operations to build an archery range without consulting with the Board of Directors, resulting in the expenditures of time by the Association's employees in building said range as well as of money by the Association, without the approval of the Board of Directors
>>
>> - Improperly communicating with members of the Board of Directors, office personnel and other Association employees

---

[2] The record, such as it is, lacks specific information about the criminal charges.

[3] Section 3.6(C) of the by-laws states that "[n]o Director shall use or attempt to use his/her official position to secure privileges or advantages for himself or others."  R.R. 28.

*The Board expressly reserves the right to levy assessments against you at a future date in connection with your improper actions as stated above, which assessments may include (but not necessarily be limited to) reimbursements to the Association for monies spent by the Association as a result of these actions.*

The Board has voted to schedule a hearing on your removal on Saturday, July 12, 2014, commencing at 9:00 a.m., at the Association's clubhouse.

At this hearing, you will have the following rights:

- To be represented by an attorney of your choice
- To give testimony and present evidence
- To call witnesses on your behalf
- To cross-examine witnesses
- To remain silent
- To submit a statement, in writing, made under oath, to be considered by the Board

The testimony of all witnesses who testify at this hearing will be taken under oath and may be transcribed.

\*\*\*

If you intend to present a defense at this hearing, then at least seven (7) days prior to the date of your hearing, please provide the following information and documentation to the Association's attorneys, Bugaj/Fischer:

- Notification of your intent to present a defense
- Estimation of the approximate amount of time you believe that you will need to present your defense
- Whether you wish to elect the option of having the hearing held in the context of an open meeting
- A copy of all written materials that you intend to present as evidence at the hearing

At the conclusion of this hearing or within a reasonable time thereafter, the Board will make a determination on your

3

> removal. In making this determination, the Board may decide to take any action that it feels appropriate, which action may include (but not necessarily be limited to) restoration to the Board, reprimand, or affirmation of your removal from the Board.

R.R. 9-10 (emphasis added and omitted). A hearing was scheduled for August 16, 2014.

On July 18, 2014, Kupershmidt filed a petition to review corporate action and for temporary injunctive relief. Kupershmidt asserted that his removal from the Board violated the applicable by-laws and was done without prior notice or an opportunity to be heard. Kupershmidt argued that the Board's after-the-fact hearing was inadequate because, *inter alia*, he was not given the time or information needed to prepare his defense. Kupershmidt sought reinstatement to his position of Director; a review of the Board's removal procedures and hearing rules; and a stay of any hearing or other further action of the Board of Directors purporting to remove, suspend or otherwise discipline Kupershmidt. The Association filed an answer and new matter asserting that Kupershmidt was removed as a member of the Board of Directors for cause pursuant to Section 3.9(B) of the Association's by-laws, which do not require the Board to hold a hearing before removing a Director.[4]

---

[4] Section 3.9(B) of the by-laws states:

> Unless otherwise provided in a By-Law adopted by the members, the Board of Directors may declare vacant the office of a Director if he is declared of unsound mind by an order of court or is convicted of a felony, or for any other proper cause which the By-Laws may specify, or if, within 60 days, or such other time as the By-Laws may specify, after notice of his selection, he does not accept such office either in writing or by attending a meeting of the Board of Directors, and fulfill such other requirements of qualification as the bylaws may specify.

R.R. 29.

4

In December 2014, the Association filed a motion to dismiss Kupershmidt's petition for review of corporate action. The Association averred that at the annual meeting of the Association's members on October 4, 2014, the members voted to remove the entire Board of Directors; this vote would have removed Kupershmidt had he still been a Director. The Association further averred that the membership vote was found to be valid upon court review.

The Association's motion to dismiss explained that Linda Clarke, a director who was also removed from the Board in advance of the October membership vote, filed a petition for review of contested corporate action. After the court upheld the validity of the membership's October 2014 removal of the entire Board of Directors, it dismissed Clarke's petition as moot.[5] Based on this ruling, the Association asserted that Kupershmidt's petition was moot and should likewise be dismissed.

Kupershmidt filed an answer stating that the Clarke matter was distinguishable. For example, he had filed his petition before the October meeting of the Association's members, and she had not. Further, it was speculative to assume that the Association's members would have voted to remove him had he still been a Board member in October 2014.

In April 2015, the trial court held a hearing at which both parties appeared and presented oral argument on the motion to dismiss. The Association argued that the trial court's decision on Clarke's petition collaterally estopped Kupershmidt from asserting that his petition was not moot. Kupershmidt responded that he was not part of Clarke's case and, therefore, the ruling in her

---

[5] *Clarke v. Wild Acres Lakes & Property Homeowners Association, Inc., et al.*, docketed by the trial court at No. 1078-2013. R.R. 58.

5

case did not have collateral estoppel effect with respect to his matter. Kupershmidt also argued that his petition was not moot because, *inter alia*, a determination that the Board of Directors had improperly removed him would entitle Kupershmidt to be reimbursed for the attorney's fees and costs he incurred to contest the Board's action and could undo the damage to Kupershmidt's reputation caused by his removal without a hearing. Kupershmidt asked the trial court for a declaration that the Board of Directors' corporate action in June 2014 was improper, so that Kupershmidt could then pursue any appropriate remedies.[6]

By order of June 2, 2015, the trial court granted the Association's motion to dismiss Kupershmidt's petition for review of corporate action. In doing so, the trial court found that Kupershmidt would have been removed from the Board of Directors as a result of the Association membership's vote on October 4, 2014, and that this vote rendered moot the issues raised in Kupershmidt's petition. The trial court stated that the issues in Linda Clarke's petition were nearly identical to those in Kupershmidt's petition. Because it had dismissed Clarke's petition as moot, it would follow this course with respect to Kupershmidt's petition. The present appeal followed.[7]

On appeal, Kupershmidt argues that the trial court erred.[8] Kupershmidt contends that the trial court should not have presumed that

---

[6] These would include an independent action against the Board of Directors for improperly depriving him of the right to serve as a Director until the end of his elected term.

[7] This appeal was transferred from Superior Court because the Association is a non-profit corporation.

[8] Our review of a trial court's grant of a motion to dismiss determines whether the trial court abused its discretion or committed an error of law. *DeFilippo v. Cranberry Township Board of Supervisors*, 49 A.3d 939, 941 n.1 (Pa. Cmwlth. 2012). Because it involves a pure question of **(Footnote continued on the next page . . .)**

6

Kupershmidt would have been removed by the vote of the Association's general membership to remove the entire Board of Directors and that, in any case, the petition was not moot. The Board of Directors' corporate action against Kupershmidt had consequences for him that remained in play notwithstanding the membership's decision several months later.

For its part, the Association rejoins that a new Board of Directors was installed on October 4, 2014. The trial court properly dismissed Kupershmidt's petition as moot because there is no longer any case or controversy to be decided.

Justiciability of a case includes the doctrine of mootness. *Burke v. Independence Blue Cross*, 103 A.3d 1267, 1270 (Pa. 2014). Generally, courts will dismiss a case as moot "unless an actual case or controversy exists at all stages of the judicial or administrative process." *Consol Pennsylvania Coal Company, LLC v. Department of Environmental Protection*, 129 A.3d 28, 38 (Pa. Cmwlth. 2015) (quoting *Horsehead Resource Development Co. v. Department of Environmental Protection*, 780 A.2d 856, 858 (Pa. Cmwlth. 2001)). A claim of mootness "stands on the predicate that a subsequent change in circumstances has eliminated the controversy so that the court lacks the ability to issue a meaningful order, that is, an order that can have any practical effect." *Burke*, 103 A.3d at 1271. Even if a case is moot, exceptions are made: (1) when the conduct complained of is capable of repetition yet likely to evade judicial review; (2) when the case involves issues of great public importance; or (3) when one party will suffer a detriment in the

**(continued . . .)**
law, our standard of review is *de novo* and our scope of review is plenary. *Thierfelder v. Wolfert,* 52 A.3d 1251, 1261 (Pa. 2012).

7

absence of a court decision. *Lutz v. Tanglwood Lakes Community Association, Inc.*, 866 A.2d 471, 473 (Pa. Cmwlth. 2005).

Kupershmidt contends that although he might have been removed by the membership vote at the October 4, 2014, meeting, the trial court lacked a factual basis to treat his removal as inevitable. Further, the record in the Clarke case was not made part of the record in this case, and there was no hearing to determine whether the issues were, in fact, the same in both cases.

Collateral estoppel, also known as issue preclusion, is designed to prevent relitigation of questions of law or fact that have already been litigated in a court of competent jurisdiction. *Plaxton v. Lycoming County Zoning Hearing Board*, 986 A.2d 199, 208 (Pa. Cmwlth. 2009). The doctrine of collateral estoppel applies where the following criteria are met:

> (1) when the issue decided in the prior adjudication was identical to one presented in the later action;
>
> (2) when there was a final judgment on the merits;
>
> (3) when the party against whom [collateral estoppel] is asserted was a party or in privity with a party to the prior adjudication;
>
> (4) when the party against whom [collateral estoppel] is asserted has had a full and fair opportunity to litigate the issue in a prior action; [and]
>
> (5) when the determination in the prior proceeding was essential to the judgment.

*Callaghan v. Workers' Compensation Appeal Board (City of Philadelphia)*, 750 A.2d 408, 412 (Pa. Cmwlth. 2000).

We agree with Kupershmidt that collateral estoppel does not apply here. He was not a party to the Clarke proceeding. Further, there are significant differences between his case and Clarke's, which may have included an agreement with Clarke to reinstate her to the Board of Directors. Any findings in the Clarke case are not binding on Kupershmidt because he was not a party to that case.

Further, the trial court's decision rests on the premise that Kupershmidt would have been removed from the Board of Directors in the October vote of the members, but there is no evidence to support this premise. Kupershmidt argues that even if he would have been removed with the rest of the Board of Directors in October 2014, his challenge to his June 2014 removal by the Board of Directors is not moot because of the lasting, practical effects of this removal.

Kupershmidt was deprived of his right to serve the balance of his Board term, *i.e.*, until October 2014. He suffered the stigma of his removal and was required to engage legal representation as a result of the Board's alleged illegal action. If he is successful in his petition, he could be reimbursed by the Association for his legal fees. Even more importantly, Kupershmidt points out that in its June 24, 2014, notice to him, the Association threatened to levy assessments against him for its costs to remove him as a member of the Board of Directors. Since then, the Association has assessed him $10,161.66 without a hearing.

The Association acknowledges that it assessed Kupershmidt but argues that this assessment had nothing to do with the action to remove him. The Association notes that the current Board of Directors, which is not the one that removed him, has not taken any action to assess him for its costs to remove him as a Director as threatened in the June 24, 2014, notice. The Association further

argues that Kupershmidt's claim of stigma lacks any merit, given the greater stigma caused by the criminal charges lodged against him.

We conclude that regardless of the vote of the Association's members on October 4, 2014, the propriety of the Board of Directors' removal of Kupershmidt in June 2014 raises separate questions that are not moot. At a minimum, the issues of Kupershmidt's entitlement to attorney's fees and the assessment of $10,000, which the Association admits it has levied against Kupershmidt, warrant a hearing on the merits of Kupershmidt's petition.

Accordingly, the order of the trial court granting the Association's motion to dismiss is reversed and the matter is remanded for proceedings on the merits of Kupershmidt's petition.

_____
MARY HANNAH LEAVITT, President Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dmitry Kupershmidt,                    :
                Appellant          :
                                       :
            v.                         :   No. 2453 C.D. 2015
                                         :
Wild Acres Lakes Property Owners'      :
Association                            :

# **O R D E R**

AND NOW, this 25th day of July, 2016, the order of the Court of Common Pleas of Pike County dated June 2, 2015, in the above-captioned matter is hereby REVERSED, and the matter is REMANDED for further proceedings in accordance with the foregoing opinion.

        Jurisdiction relinquished.


                                   _____
                                   MARY HANNAH LEAVITT, President Judge