IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Raymond J. Smolsky, : 
                  Petitioner : 
                   : 
            v. : No. 531 M.D. 2019
                   : Submitted: October 16, 2020
Tyree C. Blocker, Commissioner of the : 
Pennsylvania State Police of the : 
Commonwealth of Pennsylvania, : 
                  Respondent : 

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge[1]
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT               FILED: March 9, 2021

      Raymond J. Smolsky has filed a *pro se* petition for review with this Court in its original jurisdiction seeking a writ of mandamus to compel Tyree C. Blocker, Commissioner of the Pennsylvania State Police, to expunge any records relating to his sex offender registration and notify all other government and criminal justice agencies having such records to expunge them. Commissioner Blocker has filed preliminary objections in the nature of a demurrer[2] seeking dismissal of Smolsky's petition, with prejudice. Commissioner Blocker asserts that Smolsky cannot establish a clear legal right to relief or a corresponding duty in the

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Leavitt completed her term as President Judge.

[2] Pennsylvania Rule of Civil Procedure 1028(a)(4) provides that "[p]reliminary objections may be filed by any party to any pleading and are limited to the following grounds … legal insufficiency of a pleading (demurrer)[.]" PA. R.C.P. No.1028(a)(4).

Commissioner. We agree and will sustain Commissioner Blocker's preliminary objections.

In October 1989, Smolsky was convicted of rape, involuntary deviate sexual intercourse, and corruption of a minor for offenses he committed in 1987. In April 1991, he was sentenced to a term of 22½ to 45 years in prison. On April 12, 2018, Smolsky filed a *pro se* petition for review in this Court's original jurisdiction seeking relief from the registration requirements of the Sexual Offender Registration and Notification Act (SORNA), 42 Pa. C.S. §§9799.10-9799.75. Smolsky filed an application for summary relief on August 13, 2018.[3] After review, this Court granted Smolsky's request for summary relief, concluding that the SORNA registration requirements did not apply to him based on the dates of his offenses, conviction, and release on parole. *Smolsky v. Blocker* (Pa. Cmwlth., No. 254 M.D. 2018, filed May 20, 2019), slip op. at 5-6 (*Smolsky I*).[4]

On September 20, 2019, Smolsky filed the instant petition for review with this Court seeking a writ of mandamus directing Commissioner Blocker, as "custodian of registration [] records," to expunge "all the sex[]offender registration records of Mr. Smolsky including fingerprints, photographs plates and photographs, information and DNA samples and all records pertaining to sex offender registration

---

[3] Smolsky sought relief from SORNA's registration requirements as amended by the Act of February 21, 2018, P.L. 27, 42 Pa. C.S. §§9799.10-9799.41 (commonly referred to as Act 10). This Court ordered the parties to address whether Smolsky was required to register under a more recent amendment to SORNA in the Act of June 12, 2018, P.L. 140 (commonly referred to as Act 29).

[4] In light of our conclusion that the SORNA registration requirements did not apply to Smolsky, this Court declined to address his claim that Act 29 was an unconstitutional *ex post facto* law as applied to him under *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017).

2

of Mr. Smolsky[.]" Petition for Review ¶6. Smolsky asks this Court to direct Commissioner Blocker to expunge

> all government and criminal justice agencies['] records relating to [Smolsky's] sex offender registration and information, including the [Pennsylvania Parole Board[5]] and Department of Corrections['] records[.]

*Id*. (underlining in original). Smolsky requests this Court to order Commissioner Blocker to serve a copy of any expungement order on the criminal justice agencies that maintain his sex offender registration records and "notify" them to expunge those records. Petition for Review, Relief Demanded.

On October 24, 2019, Commissioner Blocker filed preliminary objections in the nature of a demurrer, and on November 13, 2019, Smolsky answered the objections. On December 19, 2019, Commissioner Blocker filed a brief in support of his preliminary objections.[6] We now consider Commissioner Blocker's demurrer.[7]

---

[5] Smolsky refers to the Pennsylvania Board of Probation and Parole in his petition. Subsequent to the filing of his petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§6101, 6111(a).

[6] Smolsky did not comply with the Court's briefing schedule, and, consequently, we decided the preliminary objections on the basis of Commissioner Blocker's brief. *See* Pa. Cmwlth. Ct. Order, 8/21/2020.

[7] This Court's review determines whether on the facts alleged the law states with certainty that no recovery is possible. *Hawks by Hawks v. Livermore*, 629 A.2d 270, 271 n.3 (Pa. Cmwlth. 1993). This Court must accept as true "every well-pleaded, material, relevant fact, and all reasonable inferences to be drawn therefrom, but not conclusions of law[.]" *Mueller v. Pennsylvania State Police Headquarters*, 532 A.2d 900, 902 (Pa. Cmwlth. 1987) (citation omitted). Although we construe pleadings filed by *pro se* litigants liberally, "a pro se litigant is not to be given any particular advantage because of his lack of knowledge of the law[.]" *Id*. "It is only where the petition is clear on its face that the petitioner's claim cannot be sustained, and that the law will not permit the relief that the petitioner seeks, will the demurrer be sustained." *Id*.

As noted, Smolsky seeks to compel Commissioner Blocker to expunge his sex offender registration records maintained by the State Police and notify other criminal justice agencies to do the same. In considering Smolsky's request for mandamus relief, we are mindful that

> [t]he writ of mandamus exists to compel official performance of a ministerial act[8] or mandatory duty.... Mandamus cannot issue to compel performance of a discretionary act or to govern the manner of performing [the] required act.... This Court may issue a writ of mandamus *where the petitioner[] ha[s] a clear legal right, the responding public official has a corresponding duty*, and no other adequate and appropriate remedy at law exists.

*Coppolino v. Noonan*, 102 A.3d 1254, 1263 (Pa. Cmwlth. 2014), *affirmed*, 125 A.3d 1196 (Pa. 2015) (emphasis added) (citations and quotations omitted). Smolsky bears the burden, as the moving party, to identify his "clear legal right" and the corresponding duty owed by Commissioner Blocker. *Id.* "Mandamus is not available to establish legal rights, but is appropriate only to enforce rights that have been established." *O'Toole v. Pennsylvania Department of Corrections*, 196 A.3d 260, 270 (Pa. Cmwlth. 2018) (emphasis omitted) (quoting *Stodghill v. Pennsylvania Department of Corrections*, 150 A.3d 547, 551 (Pa. Cmwlth. 2016)). "The petitioner must show a specific, well-defined, and complete legal right to the thing demanded. Mandamus is not proper to enforce a right that is doubtful." 18 STANDARD PENNSYLVANIA PRACTICE 2d, §99:10 (2020). *See Mueller v. Pennsylvania State*

---

[8] "A ministerial act is one which a public officer is required to perform upon a given set of facts in a prescribed manner in obedience to the mandate of legal authority." *Philadelphia Firefighters' Union Local 22, International Association of Firefighters, AFL-CIO ex rel. Gault v. City of Philadelphia*, 78 A.3d 16, 21 n.10 (Pa. Cmwlth. 2013) (quoting *County of Allegheny Deputy Sheriff's Association v. County of Allegheny*, 730 A.2d 1065, 1067-68 (Pa. Cmwlth.), *appeal denied*, 743 A.2d 923 (Pa. 1999)).

*Police Headquarters*, 532 A.2d 900, 904 (Pa. Cmwlth. 1987) (rejecting the petitioner's request for writ of mandamus because the directive on which he relied neither conferred a legal right on the petitioner nor created a duty in the agency).

Commissioner Blocker argues that Smolsky can establish neither a clear legal right nor a corresponding duty. In support, he cites *J.J.M. v. Pennsylvania State Police*, 183 A.3d 1109 (Pa. Cmwlth. 2018). In that case, which is similar to the present case, this Court held that the petitioner did not have to register as a sexual offender under SORNA but declined to issue an order requiring the State Police to remove all references to the petitioner from its records or to order the destruction of any records already created. Because this Court in *J.J.M.* declined to order the destruction of records under similar circumstances, Commissioner Blocker asserts that Smolsky has no clear legal right to the relief he seeks, which is the expungement of records relating to his status as a sexual offender. Commissioner Blocker also contends that he has no corresponding duty to provide Smolsky with the requested relief, *i.e.*, to expunge any applicable State Police records and ensure that other agencies, such as the Pennsylvania Parole Board and Department of Corrections, do the same. Commissioner Blocker observes that he has no authority over agencies other than the State Police.

Smolsky responds that in *J.J.M.*, this Court did not explain why the petitioner was not entitled to expungement of his records. Smolsky also asserts that *J.J.M.* is distinguishable from his case because the petitioner in *J.J.M.* "was convicted and as part of his sentence" was required to register as a sex offender. Answer to Preliminary Objections ¶8. Subsequently, this Court held that the petitioner was relieved from registration because the applicable amendment to

5

SORNA was an *ex post facto* law. By contrast, in *Smolsky I*, this Court held that Smolsky was not required to "register" as a sex offender in the "first place"; therefore, it follows that the records relating to his registration should be expunged. Answer to Preliminary Objections ¶8. Regarding the duty of the public official necessary for mandamus relief, Smolsky acknowledges that Commissioner Blocker lacks authority to order another agency to expunge its records. Nevertheless, Smolsky posits that Commissioner Blocker can, and must, comply with an order of this Court to "notify such agencies" of an expungement order. *Id.* ¶14.

We hold that Smolsky has failed to identify a clear legal right to the expungement of his sex offender registration records or a corresponding duty owed by Commissioner Blocker. Smolsky's reliance on *Smolsky I* as support for his request is misplaced. Although we held in that case that Smolsky did not have to comply with the SORNA registration requirements, our ruling did not relate to the records held by the State Police or any other government agencies. *Smolsky I* did not confer a legal right on Smolsky to have his records expunged, and it did not impose a duty on Commissioner Blocker or the State Police to expunge any records. Indeed, Smolsky acknowledges that *J.J.M.* is "inconclusive" and does not address the particular facts of his case. Answer to Preliminary Objections ¶8. Thus, our decision in that case did not confer a legal right on Smolsky or impose a mandatory duty on Commissioner Blocker or the State Police with respect to Smolsky's records. In short, Smolsky has failed to satisfy the requirements for mandamus relief.[9]

---

[9] Because Smolsky is not required to register as a sex offender with the State Police per *Smolsky I*, it is unclear what records he wants Commissioner Blocker to expunge. The records Smolsky identifies, *i.e.*, fingerprints, photographs plates, and photographs, information and DNA samples, are presumably records from his criminal case. It is possible that the State Police does not maintain sex offender registration records for Smolsky since he is not subject to a registration requirement.

6

For all the above reasons, we sustain Commissioner Blocker's preliminary objections and dismiss Smolsky's petition for review, with prejudice.

_____
MARY HANNAH LEAVITT, President Judge

---

Thus, even if Smolsky had met the requirements for a writ of mandamus, any order issued by this Court may not have any practical effect. *See Kupershmidt v. Wild Acres Lakes Property Owners' Association*, 143 A.3d 1057, 1061 (Pa. Cmwlth. 2016) (explaining that if a court lacks the ability to issue an order with any practical effect then the claim is moot and must be dismissed).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Raymond J. Smolsky,                          :
                          Petitioner          :
                                              :
          v.                                  :     No. 531 M.D. 2019
                                              :
                                              :
Tyree C. Blocker, Commissioner of the        :
Pennsylvania State Police of the             :
Commonwealth of Pennsylvania,                :
                          Respondent          :

# **ORDER**

AND NOW, this day 9th of March, 2021, the preliminary objections filed by Tyree C. Blocker, Commissioner of the Pennsylvania State Police of the Commonwealth of Pennsylvania, to Raymond J. Smolsky's petition for review are SUSTAINED and the petition for review is DISMISSED, with prejudice.

_____
MARY HANNAH LEAVITT, President Judge