IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia      :
           :
    v.       :  No. 180 C.D. 2020
           :  Submitted: July 15, 2022
Tanya Cousar,      :
      Appellant :


BEFORE:  HONORABLE MICHAEL H. WOJCIK, Judge
      HONORABLE CHRISTINE FIZZANO CANNON, Judge
      HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE        FILED: September 14, 2022


   Tanya Cousar (Cousar) appeals the order of the Court of Common Pleas of
Philadelphia County (Common Pleas), dated January 10, 2020, and entered January
13, 2020,[1] which denied her motion for leave to file a concise statement of errors

---

[1] Our Rules of Appellate Procedure contain requirements for determining the entry dates of orders and computing applicable time periods based on those entry dates. *See* Pa.R.A.P. 108. Rule 108(b) provides: "The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)." Pa.R.A.P. 108(b). Common Pleas' docket in this matter contains an entry for the order on appeal, stating: "NOTICE GIVEN ON 13-JAN-2020 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 10-JAN-2020." We interpret this entry to mean the clerk made the notation described in Pa.R.A.P. 108(b) on January 13, 2020. The order itself includes red lettering indicating that copies were sent on January 13, 2020. We therefore deem January 13, 2020, to be the order's entry date. The other Common Pleas orders we mention in this opinion have similar docket entries, and we have determined their entry dates the same way.

complained of on appeal *nunc pro tunc*. After careful review, we dismiss the appeal as moot.

### I. Background and Procedural History

This appeal stems from the sheriff sale of a property Cousar owned (Property) in the City of Philadelphia on or about December 21, 2017. Cousar filed a petition to redeem the Property on January 3, 2018. Common Pleas denied Cousar's petition by order dated October 31, 2018, and entered November 1, 2018. Cousar appealed, and this Court docketed her appeal at 1623 C.D. 2018. On February 4, 2019, Cousar filed what she titled a "motion to enforce settlement." Original Record (O.R.), Item No. 27, Motion to Enforce Settlement, 2/4/19.[2] Cousar averred that Common Pleas encouraged her to "work out some settlement" with the third-party purchaser of the Property (Purchaser), and that she made an offer to buy the Property back. *Id.* ¶ 2. Cousar averred that Purchaser rejected her offer arbitrarily, despite the offer being for more than the sheriff sale price and including certain expenses to make Purchaser "whole."[3] *Id.* ¶ 4. Common Pleas issued an order dated April 4, 2019, and entered April 5, 2019, denying Cousar's motion to enforce settlement, on the basis that her appeal at 1623 C.D. 2018 remained pending. On April 17, 2019, this Court dismissed the appeal at 1623 C.D. 2018 due to Cousar's failure to file a brief and reproduced record. Cousar filed for reconsideration, which this Court denied.

---

[2] Cousar filed a reproduced record for this appeal, but it consists only of two Common Pleas orders and her most recent concise statement. Therefore, we cite to the original record.

[3] On February 25, 2019, Cousar filed an untimely motion for reconsideration of Common Pleas' order denying her petition to redeem, dated October 31, 2018, and entered November 1, 2018. Although Cousar purported to seek reconsideration of the order denying her petition to redeem, the substance of the motion reiterated the allegations regarding her offer to buy the Property back from Purchaser. Thus, by order dated February 25, 2019, and entered February 26, 2019, Common Pleas denied Cousar's motion "without prejudice to seeking appropriate relief related to the purported settlement agreement and enforcement of same." O.R., Item No. 29, Order, 2/26/19.

Significantly, Cousar filed an appeal from Common Pleas' order denying her motion to enforce settlement on May 5, 2019. This Court docketed Cousar's second appeal at 559 C.D. 2019. Common Pleas directed Cousar to file a concise statement of errors complained of on appeal within 21 days by order dated May 6, 2019, and entered May 8, 2019. Cousar did not file a concise statement.[4] On October 16, 2019, this Court dismissed Cousar's appeal at 559 C.D. 2019, once again for failure to file a brief and reproduced record. Cousar filed for reconsideration, which this Court denied. Finally, Cousar filed a motion for leave to file a concise statement *nunc pro tunc* on November 7, 2019. Cousar averred that she failed to comply with Common Pleas' order dated May 6, 2019, and entered May 8, 2019, because "technical issues" rendered the First Judicial District's e-filing system "sporadically inoperable" in the spring and summer of 2019, which left her unaware of the order. O.R., Item No. 46, Motion to File *Nunc Pro Tunc*, 11/7/19, ¶ 2 nn.1, 3. Common Pleas issued an order denying Cousar's motion dated January 10, 2020, and entered January 13, 2020.

Cousar filed this appeal. Common Pleas issued an order dated February 12, 2020, and entered February 14, 2020, directing Cousar to file a concise statement of errors complained of on appeal within 21 days. Cousar timely complied.[5] Common

---

[4] On August 15, 2019, Cousar filed another untimely motion for reconsideration of Common Pleas' order dated October 31, 2018, and entered November 1, 2018, which denied her petition to redeem the Property. As before, although Cousar purported to seek reconsideration of the order denying her petition to redeem, the substance of the motion reiterated her allegations regarding her offer to buy the Property back from Purchaser. Common Pleas denied Cousar's motion for reconsideration by order dated and entered August 28, 2019. Cousar filed a third appeal, which this Court docketed at 1430 C.D. 2019. This Court quashed Cousar's appeal at 1430 C.D. 2019 on February 10, 2020, as taken from an unappealable order.

[5] No other petitions, motions, or other claims were pending before Common Pleas at the time that it denied Cousar's motion for leave to file a concise statement *nunc pro tunc*. As such, we conclude that Common Pleas' order was final, because it disposed of all claims and all parties. *See* Pa.R.A.P. 341(b).

Pleas explained in an ensuing opinion that a computer virus affected the "operations and . . . online capabilities" of the First Judicial District beginning on May 21, 2019. Common Pleas Op., 9/11/20, at 2.[6] Common Pleas rejected Cousar's claim that this would have made her unaware of its order to file a concise statement dated May 6, 2019, and entered May 8, 2019, however, explaining that the problem with the virus arose almost two weeks after it entered the order. *Id.* at 5-6. Common Pleas added that the in-person filing office had always remained open for Cousar to use. *Id.* at 6.

## II. Discussion

We must consider as a preliminary matter whether our dismissal of Cousar's previous appeal at 559 C.D. 2019 renders her current appeal moot. Although neither party raises the question of mootness, this Court may do so *sua sponte*, as we "cannot decide moot or abstract questions, nor can we enter a judgment or decree to which effect cannot be given." *Battiste v. Borough of E. McKeesport*, 94 A.3d 418, 424 (Pa. Cmwlth. 2014) (citations omitted). Our courts have explained that an actual case or controversy must exist at all stages of the judicial or administrative process. *Kupershmidt v. Wild Acres Lakes Prop. Owners' Ass'n*, 143 A.3d 1057, 1061 (Pa. Cmwlth. 2016) (quoting *Consol Pa. Coal Co., LLC v. Dep't of Env't Prot.*, 129 A.3d 28, 38 (Pa. Cmwlth. 2015)). "An issue before the court is moot if, in ruling upon the issue, the court cannot enter an order that has any legal force or effect." *Burns v. Dep't of Hum. Servs.*, 190 A.3d 758, 761 (Pa. Cmwlth. 2018) (citing *Luzerne Cnty. Child. & Youth Servs. v. Dep't of Pub. Welfare*, 826 A.2d 84, 86 (Pa. Cmwlth. 2003)). When an appellate court concludes that an appeal is moot, it is appropriate

---

[6] Common Pleas' opinion does not include page numbers, so we have assigned a number to each page for ease of citation and review.

to dismiss. *See, e.g., Commonwealth v. Pruitt*, 41 A.3d 1289 (Pa. 2012) (dismissing appeal as moot by per curiam order).

Here, Cousar is appealing Common Pleas' order denying her motion for leave to file a concise statement of errors complained of on appeal *nunc pro tunc*. Cousar's motion requested that Common Pleas permit her to file a concise statement *nunc pro tunc* with respect to the order dated May 6, 2019, and entered May 8, 2019. Common Pleas directed Cousar to file the concise statement after she appealed from the order denying her motion to enforce settlement dated April 4, 2019, and entered April 5, 2019. This Court docketed Cousar's appeal from the order denying her motion to enforce settlement at 559 C.D. 2019 and later dismissed that appeal due to Cousar's failure to file a brief and reproduced record. Cousar filed for reconsideration, which this Court also denied.

As the above summary demonstrates, Cousar's request for relief in this matter is dependent on the existence of her appeal at 559 C.D. 2019. Our Rules of Appellate Procedure permit a court of common pleas to order the filing of a concise statement if the court requires clarification regarding the issues an appellant wishes to raise on appeal. *See* Pa.R.A.P. 1925(b) ("If the judge . . . desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement . . . ."). The purpose of this is to assist the court in writing its opinion. *Commonwealth v. Rogers*, 250 A.3d 1209, 1224 (Pa. 2021) (quoting Pa.R.A.P. 1925(b)). Because this Court dismissed Cousar's appeal at 559 C.D. 2019 and denied reconsideration, there is no longer any reason that Common Pleas would require clarification of her issues or assistance in writing an opinion. Accordingly, even if this Court was to agree with Cousar that Common Pleas should have allowed her to file a concise statement *nunc*

*pro tunc*, filing a concise statement now would be purposeless. This Court could not enter an order having any practical force or effect, and Cousar's appeal is therefore moot.[7] *See Burns*, 190 A.3d at 761.

### III. Conclusion

Based on the foregoing analysis, we dismiss Cousar's appeal from Common Pleas' order dated January 10, 2020, and entered January 13, 2020, as moot.

_____
STACY WALLACE, Judge

---

[7] In her brief, Cousar fails to address the issues underlying this appeal. Rather than challenging Common Pleas' decision to deny her motion for leave to file a concise statement *nunc pro tunc*, Cousar asserts, in an only four-sentence argument, that she timely filed a concise statement after Common Pleas issued the order now on appeal, dated January 10, 2020, and entered January 13, 2020. Cousar's Br. at 4. Cousar asserts that, because she timely filed her concise statement, this Court should remand the matter to Common Pleas "for disposition." *Id.* Thus, even if we were to decide that Cousar's appeal is not moot, we would conclude she waived her claims by failing to develop them for our review, and we would affirm Common Pleas' order. *See Beaver Valley Slag, Inc. v. Marchionda*, 247 A.3d 1212, 1221 (Pa. Cmwlth. 2021) (quoting *In re Condemnation of Land for S. E. Cent. Bus. Dist. Redevelopment Area No. 1 (405 Madison St., City of Chester)*, 946 A.2d 1154, 1156 (Pa. Cmwlth. 2008) (*en banc*)).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia            :
                                       :
         v.                     :    No. 180 C.D. 2020
                                         :
Tanya Cousar,                :
                  Appellant     :

## O R D E R

**AND NOW**, this 14th day of September, 2022, Tanya Cousar's appeal from the order of the Philadelphia County Court of Common Pleas dated January 10, 2020, and entered January 13, 2020, is hereby **DISMISSED** as moot.

 

_____
STACY WALLACE, Judge