IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Damon Wheeler, Sr.,                     :
                  Petitioner      :
                                      :
          v.                          : No.  196 M.D. 2021
                                      : Submitted: September 9, 2024
Department of Corrections,               :
                 Respondent  :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE STACY WALLACE, Judge
               HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                FILED:  December 20, 2024


Damon Wheeler, Sr. (Wheeler), *pro se*, filed a second amended petition for review in this Court's original jurisdiction.  In a prior decision, we sustained the Department of Correction's (Department) amended preliminary objections and dismissed Wheeler's second amended petition for review with prejudice.  *Wheeler v. Dep't of Corr.* (Pa. Cmwlth., No. 196 M.D. 2021, filed June 1, 2022) (*Wheeler I*).  The Pennsylvania Supreme Court (Supreme Court) affirmed in part, vacated in part, and remanded for further proceedings.  *Wheeler v. Dep't of Corr.* (Pa., No. 31 WAP 2022, filed Nov. 23, 2022) (per curiam order) (*Wheeler II*).  Now before us are the Department's motion for judgment on the pleadings, Wheeler's consolidated response and cross-motion for judgment on the pleadings, and the Department's response to our rule to show cause, in which it requests that we dismiss the case.

After careful review, we discharge the rule to show cause, grant the Department's request, and dismiss the case as moot.

## BACKGROUND

Wheeler filed a petition for review on June 10, 2021, an amended petition for review on July 28, 2021, and a second amended petition for review on August 2, 2021. Wheeler averred he is serving sentences of incarceration resulting from three convictions at Cambria County docket numbers CP-11-CR-0001294-2019 (Docket 1294), CP-11-CR-0001296-2019 (Docket 1296), and CP-11-CR-0001301-2019 (Docket 1301). Wheeler averred he was arrested in connection with these docket numbers on May 11, 2019, and has remained incarcerated continuously since then. The Cambria County Court of Common Pleas (Common Pleas) sentenced Wheeler at Docket 1301 on June 22, 2020, and at Dockets 1294 and 1296 on March 15, 2021, granting credit for time served on each sentence. However, according to Wheeler, the Department failed to provide him with all the credit for time served he was entitled to receive. Wheeler argued the Department granted him credit from July 19, 2019,[1] until his first sentencing on June 22, 2020, but failed to provide credit from his arrest on May 11, 2019, until July 19, 2019, and from his first sentencing on June 22, 2020, until his second sentencing on March 15, 2021. In addition, Wheeler challenged Common Pleas' imposition of financial penalties, contending he received no pecuniary gain from his crimes and his family responsibilities would prevent him from repaying the money he owed.

The Department filed preliminary objections on September 9, 2021, and amended preliminary objections on October 14, 2021, demurring to Wheeler's second amended petition for review. The Department provided Wheeler's Form

---

[1] Wheeler maintained he was arrested in Philadelphia on May 11, 2019, and transferred to Cambria County on July 19, 2019.

DC-300B, which specified he should receive 340 days of credit for time served at Docket 1301 from July 19, 2019, to June 22, 2020, and detailed the financial penalties against him. Wheeler was not entitled to credit at Dockets 1294 and 1296, the Department contended, because he was receiving the credit on another docket. The Department argued it lacked authority to provide Wheeler with additional credit and was bound to apply the financial penalties Common Pleas imposed. Thus, the Department maintained Wheeler should seek relief from Common Pleas. Wheeler filed a response on November 29, 2021.

On June 1, 2022, this Court sustained the Department's amended preliminary objections and dismissed Wheeler's petition for review with prejudice. *Wheeler I*. Relying on Wheeler's public criminal docket sheets, we agreed with the Department that Wheeler received the 340 days of credit for time served to which he was entitled at Docket 1301 for the period from July 19, 2019, to June 22, 2020. *Id.*, slip op. at 5. Because Wheeler already received this credit at Docket 1301 and began serving his sentence on June 22, 2020, he was not entitled to duplicative credit at Dockets 1294 and 1296 for the period from May 11, 2019, to July 19, 2019, or for the period from June 22, 2020, to March 15, 2021. *Id.*, slip op. at 5-6. Further, we concluded Wheeler's challenge to financial penalties amounted to a request to modify his sentence, which the Department lacked the authority to do. *Id.*, slip op. at 6-7.

Wheeler appealed to the Supreme Court. On November 23, 2022, the Supreme Court affirmed our decision in part "to the extent it affirms [Common Pleas] as to the 340 days of credit for time served and the imposition of financial penalties" and vacated and remanded in part "solely for a determination of the merits of [Wheeler's] request for credit for time served from his arrest in Philadelphia County on May 11, 2019, until his transfer to Cambria County on July 19, 2019."

3

*Wheeler II*. The Supreme Court cited Section 9760(1) of the Sentencing Code, which grants credit "for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based," including "credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal." 42 Pa.C.S. § 9760(1).

The Department filed a response in this Court on January 17, 2023, addressing the Supreme Court's remand order. The Department explained its records custodian contacted an official in Philadelphia who confirmed Wheeler was incarcerated there from May 12, 2019, until July 9, 2019. Based on this representation, the Department provided Wheeler with additional credit for time served and asked this Court to dismiss the case. Wheeler filed a reply on February 2, 2023. This Court denied the Department's request to dismiss the case on March 3, 2023, and directed it to file an answer. We explained that although the Department granted Wheeler additional credit from May 12, 2019, to July 9, 2019, the Supreme Court remanded for a merits determination of whether he was entitled to credit from May 11, 2019, to July 19, 2019.

The Department filed an answer on April 3, 2023, averring Wheeler was receiving credit for time served from May 12, 2019, to July 9, 2019, which was the only additional credit he was entitled to receive based on its documentation. Wheeler filed a response to the Department's answer on May 1, 2023. In addition, on September 20, 2023, Wheeler filed a "Motion to Enforce Supreme Court Remand Order." Based in part on the Supreme Court's November 23, 2022 remand order, Wheeler argued he was entitled to credit from May 11, 2019, to June 22, 2020, at both Counts 3 and 5 of Docket 1301, and to additional credit from May 11, 2019, to

4

March 15, 2021, on Dockets 1294 and 1296. This Court dismissed Wheeler's motion on September 25, 2023. We noted Wheeler appeared to be requesting a determination on the merits of his claims, but there was no dispositive motion pending for the Court to resolve.[2]

On December 20, 2023, the Department filed a motion for judgment on the pleadings. The Department argued Wheeler failed to meet his burden of establishing he was entitled to credit for time served from May 11, 2019, until July 19, 2019. Wheeler filed a consolidated response and cross-motion for judgment on the pleadings on January 22, 2024. Wheeler reiterated his contention that he was entitled to additional credit at all three dockets, including credit from May 11, 2019, to June 22, 2020, at both Counts 3 and 5 of Docket 1301,[3] and credit from May 11, 2019, to March 15, 2021, on Dockets 1294 and 1296.[4] Based on his calculations, and taking into account credit for time served and eligibility for the Recidivism Risk Reduction Incentive (RRRI), Wheeler proposes he "should have at least been considered for parole in February 2023." Wheeler's Br. at 5.

This Court issued a memorandum and order on August 15, 2024, directing the Department to show cause why Wheeler had not established his entitlement to

---

[2] Wheeler appealed to the Supreme Court a second time. The Supreme Court ultimately quashed Wheeler's appeal on May 21, 2024, explaining this Court's September 25, 2023 order was not final and appealable. *Wheeler v. Dep't of Corr.* (Pa., No. 20 WAP 2023, filed May 21, 2024) (per curiam order).

[3] As detailed below, Wheeler received consecutive sentences at Counts 3 and 5 of Docket 1301. Wheeler disputes that the credit for time served should apply to his resulting aggregate sentence and instead argues he should receive credit once at Count 3 and again at Count 5. *See* Wheeler's Br. at 3.

[4] Wheeler filed a motion to reinstate his consolidated response and cross-motion for judgment on the pleadings on January 24, 2024, which this Court dismissed as moot on February 23, 2024, explaining disposition of the cross-motions for judgment on the pleadings was pending.

additional credit for time served. *Wheeler v. Dep't of Corr.* (Pa. Cmwlth., No. 196 M.D. 2021, filed Aug. 15, 2024) (per curiam memorandum and order), slip op. at 3. We cited exhibits Wheeler attached to his consolidated response and cross-motion for judgment on the pleadings, including the transcript of a hearing before the Common Pleas sentencing judge, which arguably indicated he was in custody on May 11, 2019, and for the period between July 9, 2019, and July 19, 2019. *Id.*, slip op. at 2-3. Moreover, we directed the Department and Wheeler to provide any additional documentation establishing whether Wheeler was in custody on the disputed days. *Id.*, slip op. at 3.

The Department filed a response on August 27, 2024. Citing "the Court's order, the history of this case, and the sentencing transcript," the Department explained it granted Wheeler additional credit for time served. Department's Response, 8/27/24, ¶ 8. The Department attached an updated Sentence Status Summary, which showed Wheeler receiving credit at Dockets 1294, 1296, and 1301 for the period from May 11, 2019, through June 22, 2020. *Id.*, Ex. A. Wheeler filed his own response on September 9, 2024, contending he received an updated Sentence Status Summary, but the Department still had not provided him with all the credit he was entitled to receive.

## DISCUSSION

Preliminarily, we address whether the Department's decision to grant Wheeler additional credit for time served renders the case moot. This Court "cannot decide moot or abstract questions, nor can we enter a judgment or decree to which effect cannot be given." *Battiste v. Borough of E. McKeesport*, 94 A.3d 418, 424 (Pa. Cmwlth. 2014) (quoting *Orfield v. Weindel*, 52 A.3d 275, 277 (Pa. Super. 2012)). We have explained an actual case or controversy must exist at all stages of the

6

judicial or administrative process. *Kupershmidt v. Wild Acres Lakes Prop. Owners' Ass'n*, 143 A.3d 1057, 1061 (Pa. Cmwlth. 2016). "An issue before the court is moot if, in ruling upon the issue, the court cannot enter an order that has any legal force or effect." *Burns v. Dep't of Hum. Servs.*, 190 A.3d 758, 761 (Pa. Cmwlth. 2018).

In its November 23, 2022 remand order, the Supreme Court affirmed our prior decision in part "to the extent it affirms [Common Pleas] as to the 340 days of credit for time served and the imposition of financial penalties." *Wheeler II*. Moreover, the Supreme Court vacated and remanded our prior decision in part "solely for a determination of the merits of [Wheeler's] request for credit for time served from his arrest in Philadelphia County on May 11, 2019, until his transfer to Cambria County on July 19, 2019." *Wheeler II*. Although Wheeler argues he should receive additional credit for time served at Dockets 1294 and 1296 from May 11, 2019, to March 15, 2021, we must limit our review to the period from May 11, 2019, to July 19, 2019. Determining Wheeler was entitled to additional credit for time served outside that period would exceed the limited scope of the Supreme Court's remand.[5]

A review of Wheeler's sentences shows the Department granted Wheeler additional credit for time served in response to the Supreme Court's remand order and this Court's rule to show cause. On June 22, 2020, at Count 3 of Docket 1301, Common Pleas sentenced Wheeler to 60 to 120 months of incarceration with credit for time served. Common Pleas determined Wheeler was eligible for RRRI. At Count 5 of Docket 1301, Common Pleas sentenced Wheeler to 12 to 24 months of incarceration with credit for time served, consecutive to the sentence at Count 3.

---

[5] To the extent Wheeler continues to challenge the imposition of financial penalties against him, we cannot revisit that issue for the same reason. *See* Wheeler's Response, 9/9/24, ¶ 6 (asserting the Department "has confiscated over the $600 specifically stated on the signed written sentence Orders").

Common Pleas imposed no further sentence at the remaining counts, resulting in an aggregate sentence of 72 to 144 months of incarceration. On March 15, 2021, at Docket 1294, Common Pleas sentenced Wheeler to 60 to 120 months of incarceration with credit for time served. Common Pleas determined Wheeler was eligible for RRRI. Common Pleas imposed the same sentence at Docket 1296 with both sentences running concurrently with Count 3 of Docket 1301.

The Department's most recent Sentence Status Summary reflects an award of credit for time served from May 11, 2019, through June 22, 2020, at Dockets 1294, 1296, and 1301.[6] At Docket 1301, the Department lists Wheeler's minimum date as May 11, 2025, his RRRI minimum date as May 11, 2024, and his maximum date as May 11, 2031. At Dockets 1294 and 1296, the Department lists Wheeler's minimum dates as January 31, 2025, his RRRI minimum dates as March 31, 2024, and his maximum dates as January 31, 2030. Wheeler's controlling minimum date is May 11, 2024, and his controlling maximum date is May 11, 2031, consistent with his RRRI minimum date and maximum date at Docket 1301. Wheeler does not dispute he received the additional credit, which significantly reduces his controlling minimum and maximum sentences. Our review supports the Department's calculation of Wheeler's sentence based on his RRRI eligibility and credit for time served.

---

[6] Wheeler cannot receive duplicative credit at Counts 3 and 5 of Docket 1301. *See Foxe v. Pa. Dep't. of Corr.*, 214 A.3d 308, 315 (Pa. Cmwlth. 2019) (quoting *Commonwealth v. Merigris*, 681 A.2d 194, 195 (Pa. Super. 1996)) ("The operative rule . . . is that a defendant should receive credit only once for time served before sentencing."); *Barndt v. Pa. Dep't of Corr.*, 902 A.2d 589, 595 (Pa. Cmwlth. 2006) (recognizing the law "does not contemplate credit for time served to be awarded twice. Similarly, our Courts have consistently held that such double credit for time served is neither contemplated, nor authorized . . . .").

## CONCLUSION

We conclude, therefore, that Wheeler has already received any additional credit for time served to which he may be entitled within the limited scope of the Supreme Court's remand, and this Court cannot grant further relief. Any order this Court could enter ruling on the merits of Wheeler's request would be purely advisory and have no legal force or effect. *See Burns*, 190 A.3d at 761. Accordingly, we discharge our rule to show cause, grant the Department's request to dismiss the case, and dismiss the Department's motion for judgment on the pleadings and Wheeler's second amended petition for review and consolidated response and cross-motion for judgment on the pleadings as moot.

_____
STACY WALLACE, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Damon Wheeler, Sr.,                    :
                    Petitioner    :
                              :
      v.                    : No. 196 M.D. 2021
                              :
Department of Corrections,              :
                Respondent  :

## **O R D E R**

**AND NOW**, this 20th day of December 2024, the rule to show cause issued by this Court on August 15, 2024, is **DISCHARGED**. The Department of Correction's (Department) request to dismiss this case, presented in its response to rule to show cause, is **GRANTED**. The Department's motion for judgment on the pleadings and Damon Wheeler, Sr.'s second amended petition for review and consolidated response and cross-motion for judgment on the pleadings are **DISMISSED** as moot.

                                      _____
                                      STACY WALLACE, Judge