**LUZERNE COUNTY CHILDREN AND YOUTH SERVICES, Petitioner,**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 6, 2002.

Decided June 18, 2003.

Marsha A. Basco, Wilkes–Barre, for petitioner.

Carol Ulichney, Allentown, for respondent.

BEFORE: FRIEDMAN, Judge, and LEADBETTER, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY Judge LEADBETTER.

Luzerne County Children and Youth Services (CYS) appeals from the order of the Secretary of the Department of Public Welfare (DPW) which upheld the order entered by the Office of Hearings and Appeals directing the return of the minor child K.M. to the home of her former foster family, the G's. In light of several orders issued by the Luzerne County Court of Common Pleas Orphans' Court Division regarding the custody and adoption of K.M., we vacate DPW's order.

K.M. was born in January 1997. K.M. lived in the J. household until the age of three when she was removed for an investigation into allegations of sexual abuse by omission against Mr. and Mrs. J. In January 2000, K.M. was placed in the G. home. K.M. had visits with her former foster family, the J's. In May 2001, K.M. was removed from the G. home for allegations of physical abuse and placed into the foster care of the P. family.[1] The child protective services investigation into the G's resulted in an unfounded report of physical abuse. Nevertheless, CYS did not return K.M. to the G. household.

The G's appealed the removal of K.M. from their foster care. The G's alleged that CYS improperly removed K.M. from their home and K.M. should therefore be returned to their care. CYS asserted that although the allegation of physical abuse was determined to be unfounded, Mrs. G. violated the regulations prohibiting physical discipline. Consequently, CYS disapproved the G's as a foster family.

In September 2001, DPW held a hearing regarding the G's appeal of the removal of K.M. from their care. By an order issued in January 2002, the DPW hearing examiner recommended that K.M. be returned to the G. household. The hearing examiner found that K.M. was removed because of allegations that Mrs. G. implemented physical discipline against K.M. in violation of the regulations. However, the hearing examiner found that Mrs. G. did not in fact impose physical discipline and thus, did not violate any regulation. CYS petitioned for reconsideration by the Secretary of DPW arguing that the Office of Hearings and Appeals had no authority to order the child to be returned to the former foster family. Rather, CYS, citing to the Juvenile Act, 42 Pa.C.S. § 6351, asserted that only common pleas could direct the disposition of the child. In May 2002, DPW upheld the recommendation of the hearing examiner.

Meanwhile, by an order dated July 10, 2001, common pleas directed that K.M. remain in foster care provided by the P. family until further order of the court. Adoption proceedings were instituted by both the G's and the J's and were pending before common pleas. A comprehensive custody evaluation had been ordered by common pleas. Then, by order dated October 1, 2001, common pleas directed that K.M. remain in the J. household with visitation by the G's on weekends. Subsequently, by order dated June 4, 2002, common pleas ordered that the J's be permitted to adopt K.M.

Presently, CYS appeals DPW's order arguing that K.M. was properly removed from the G's foster care. In addition, CYS argues that DPW has no authority to or-

---

1. K.M. got soap in her eyes during a bath and Mrs. G. smacked K.M. on the behind in an effort to settle K.M. so that Mrs. G. could flush the soap out of K.M.'s eyes. Physical discipline is never to be used on foster children. "Physical punishment inflicted upon the body" is listed under 55 Pa.Code § 3700.63 as a form of punishment that is prohibited. "Passive physical restraint" is the only allowable method of restraining a child. 55 Pa.Code § 3700.63.

der the child to be returned to the former foster family. Rather, citing to 42 Pa.C.S. § 6351, CYS asserts that only common pleas can direct the custodial disposition of a minor dependent child.

■ DPW has filed a motion to dismiss this appeal as moot. DPW argues that proceedings before common pleas regarding the adoption of K.M. by the J's render the instant appeal moot. A court will dismiss an appeal as moot unless an actual case or controversy exists at all stages of the judicial or administrative process. *Britt v. Department of Pub. Welfare*, 787 A.2d 457, 460 n. 5 (Pa.Cmwlth.2001). An issue before the court is moot if, in ruling upon the issue, the court cannot enter an order that has any legal force or effect. *Johnson v. Martofel*, 797 A.2d 943, 946 (Pa.Super.2002). DPW asserts that the July 10, 2001 order directing that K.M. remain in foster care with the P. family, the October 1, 2001 order providing that K.M. be allowed to remain in the J. household, and the June 4, 2002 order permitting the J's to adopt K.M. render the issue of K.M.'s removal from the G's home moot.

■ After reviewing the parties' briefs, there is apparently no dispute regarding DPW's authority or jurisdiction in this matter. Pursuant to the Juvenile Act, 42 Pa.C.S. §§ 6301–6365, jurisdiction over disputes regarding adoption, custody and the placement of dependent children is vested in the courts of common pleas. DPW has no authority to modify a term of a service plan which has been specifically approved and ordered by a court of competent jurisdiction.[2] DPW agrees that the Office of Hearings and Appeals had no jurisdiction to order the child to be placed or returned to any foster care household in this case.

It appears that no real controversy exists in this appeal. However, DPW's motion to dismiss the instant appeal as moot is denied. Conflicting orders remain in effect governing the placement of K.M.-an order from DPW directing the return of K.M. to the G's and various orders from common pleas culminating in the placement of K.M. with the J's. DPW did not have the authority to direct the placement of K.M. when the issue of her placement was under the jurisdiction of common pleas as soon as adoption proceedings were commenced.

Accordingly, we vacate DPW's order.

### ORDER

AND NOW, this 18th day of June, 2003, the motion of the Department of Public Welfare to dismiss the appeal in the above captioned matter is DENIED. The order of the Commonwealth of Pennsylvania, Department of Public Welfare, is hereby VACATED.

---

**2.** DPW cites 55 Pa.Code § 3130.62(i) which states:

> This chapter does not supersede the authority vested by law in the State courts. The director of the Office of Hearings and Appeals has no authority to issue a ruling modifying a term of a service plan which has been specifically approved or ordered by a court of competent jurisdiction.