IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Ramer,                            :
                    Petitioner            :
                                          :
          v.                              : No. 1066 C.D. 2015
                                          : Submitted:  November 13, 2015
Department of Human Services,             :
                    Respondent            :


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE PELLEGRINI                    FILED: December 10, 2015


          William Ramer (Ramer), *pro se*, petitions for review of an order of the
Department of Human Services' (Department) Bureau of Hearings and Appeals
(BHA), affirming an Administrative Law Judge's (ALJ) recommendation to
dismiss Ramer's appeal of the Northumberland County Children and Youth
Services' (CYS) denial of his and his wife's application to become kinship foster
parents for their grandchildren, finding the application moot because both
grandchildren had been adopted.  For the reasons that follow, we affirm.


                                  **I.**

          In March 2012, Ramer's two grandchildren were adjudicated
dependent.  Prior to the dependency adjudication, CYS began searching for willing

and able family members to provide an appropriate out-of-home placement for the children pursuant to the Kinship Care Program.[1]  By letter dated March 22, 2012, CYS notified Ramer and his wife, Evon (collectively, the Ramers), that it was unable to consider their request to become a licensed kinship foster home.  The letter, however, did not notify them of any appeal rights they may have had.  In March 2013, the Ramers submitted a request to the BHA to appeal CYS's March 22, 2012 correspondence.  Meanwhile, in March 2013, while the administrative appeal was pending, the Ramers submitted to CYS a complete formal application (Application) for approval to become kinship foster parents for their grandchildren.

In May 2013, the BHA held a telephone hearing before an ALJ to determine the timeliness of the Ramers' appeal.  At the hearing, Evon Ramer testified that the Ramers were not informed of any appeal rights with respect to CYS' March 22, 2012 letter.  She further testified that she attempted to appeal the kinship denial several times but was refused.  Meghan Weaver (Weaver),

---

[1] Section 1303 of the Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. §1303.  Section 1303 was added by the Act of September 30, 2003, P.L. 169.  The Kinship Care Program was established to encourage the involvement of family members in instances "when it is necessary to remove a child from the child's home."  62 P.S. §1301.  Section 1301 was added by the Act of September 30, 2003, P.L. 169.  County children and youth services agencies must notify grandparents and other adult relatives "of a dependent child within 30 days of the child's removal from the child's home when temporary legal and physical custody has been transferred to the county agency."  62 P.S. §1303(a.1).  Subsection (a.1) was added by the Act of June 30, 2012, P.L. 668.  The custody may be transferred through a judicial adjudication of dependency under the Juvenile Act, 42 Pa. C.S. §6351, or by a voluntary placement agreement between the parents and the county child welfare agency under 55 Pa. Code §3130.65.  CYS must assess an applicant's capability as a foster parent by considering factors such as the applicant's ability to provide care, the applicant's demonstrated mental and emotional stability, and supportive community ties.  *See* 55 Pa. Code §3700.64.

Discharge Family Supervisor for CYS, testified that the agency is required to consider relatives for placement and initially considered the Ramers but ultimately decided not to consider them based upon their extensive history with CYS. Weaver explained that there are no appeal rights related to the initial consideration phase. She testified that the case did not progress beyond the consideration phase because, although the Ramers expressed their interest in becoming a kinship foster home, they had not submitted a formal application to do so at the time of the March 22, 2012 letter.

The ALJ determined that because the March 22, 2012 letter did not provide appeal rights or a time frame in which to file an appeal, the Ramers' March 21, 2013 appeal was timely filed. However, finding Weaver's testimony credible, the ALJ concluded that the Ramers had not filed an application to be a kinship foster home at the time of the March 22, 2012 letter and, therefore, that the BHA lacked jurisdiction over the matter. In July 2013, the BHA adopted the ALJ's recommendation in its entirety.

Ramer appealed to this Court, arguing that the BHA's decision to dismiss his appeal for lack of jurisdiction denied him due process because he has a fundamental right to be heard on the merits of the appeal. In response, the BHA argued that the March 22, 2012 letter did not constitute an adjudication because it was not a final order affecting any of the Ramers' rights and, therefore, could not be appealed. We dismissed Ramer's appeal as moot, finding that the Ramers would obtain a hearing on whether they can provide for a suitable foster home within their Application, which is what they sought with the appeal.

At some point prior to June 2014, one of the Ramers' grandchildren was legally adopted and was no longer a ward of CYS. On October 31, 2014, CYS notified the Ramers that their Application was denied based on recommendations from KidsPeace, a foster family care agency, and informed them of their appeal rights. The recommendation from KidsPeace stated that the Ramers were not a suitable placement for their grandchildren because they were ordered to attend sign language classes and were unable to provide evidence of their attendance or demonstrate their fluency in sign language. The letter further explained that the Ramers did not provide adequate documentation related to the potability of their water or fire insurance or fire plan and, thus, the Ramers do not meet the state's home safety requirements. The Ramers appealed on November 3, 2014, contending that KidsPeace denied their Application due to bias.

A hearing was scheduled before the BHA for May 18, 2015. On April 30, 2015, the Ramers' other grandchild was legally adopted. On May 7, 2015, CYS filed a motion to dismiss the Ramers' appeal based on mootness as the second of the Ramers' two grandchildren was no longer a ward of CYS. On May 14, 2015, the Ramers responded to CYS's motion. Because the motion to dismiss and the response were filed mere days before the scheduled hearing, the parties were notified that CYS's motion would be addressed at the hearing.

On the date of the hearing, a pre-hearing conference was held to address CYS's motion to dismiss, during which the ALJ informed the Ramers that the BHA does not have jurisdiction to overturn adoptions, but that the Ramers

could pursue their appeal in a court of common pleas. The ALJ also explained that the BHA has jurisdiction over CYS's denial of the Application, and if the Ramers wished to be foster resources for children other than their grandchildren, CYS's motion would be denied. However, the Ramers stated multiple times that they are only interested in caring for their grandchildren and had no interest in being a general foster resource. The hearing was then adjourned.

The ALJ determined that the appeal was moot and recommended that it be dismissed. In making this determination, the ALJ explained that the courts of common pleas have sole jurisdiction over disputes regarding adoption, custody and placement of dependents by CYS and, thus, the BHA cannot provide an adequate remedy. The ALJ further stated that the Ramers have a right to an appeal but not necessarily a hearing with the BHA. The ALJ reasoned, however, that regardless of the Ramers' appeal rights, both of the grandchildren have been adopted, and the Ramers cannot foster children who no longer need fostering. On June 9, 2015, the BHA adopted the ALJ's recommendation in its entirety. This appeal followed.[2]

On appeal, the Ramers argue that the BHA erred in adopting the ALJ's recommendation as the ALJ denied the Ramers due process by denying them a hearing. The Ramers also contend that KidsPeace was prejudiced against them.

---

[2] The standard of review of an administrative agency's adjudication is whether the adjudication is in accordance with the law, does not violate constitutional rights, and is supported by substantial evidence. 2 Pa. C.S. §704; *Lycoming–Clinton County Mental Health/Mental Retardation Program v. Department of Public Welfare*, 884 A.2d 382, 383 n. 1 (Pa. Cmwlth. 2005).

Courts of common pleas have jurisdiction over disputes regarding adoption, custody and the placement of dependent children. *Luzerne County Children and Youth Services v. Department of Public Welfare*, 826 A.2d 84, 86 (Pa. Cmwlth. 2003) (citing the Juvenile Act, 42 Pa. C.S. §§6301–6365). Once the natural parents' rights have been terminated, a court of common pleas can enter a decree of adoption at any point.[3] 23 Pa. C.S. §2901. The BHA has no authority to modify the court of common pleas' order with regard to an adopted child being returned to any foster care household. *Luzerne County*, 826 A.2d at 86.

Here, after the Ramers' Application was denied by CYS, a hearing was scheduled before the ALJ. However, both of the Ramers' grandchildren were adopted prior to the hearing. Regardless, the ALJ still considered what the Ramers had to say during the pre-hearing conference, during which the Ramers indicated that they are only interested in caring for their grandchildren and not fostering other children. As the BHA does not have the authority to disturb the Ramers' grandchildren's adoptions and place them in the Ramers' care, even if the Ramers were deemed fit to foster, the Ramers' appeal of their Application was rendered moot. A court will dismiss an appeal as moot unless an actual case or controversy exists at all stages of the judicial or administrative process. *Britt v. Department of Pub. Welfare*, 787 A.2d 457, 460 n. 5 (Pa.Cmwlth.2001).

---

[3] The adoption decree directs that the adopted child "shall have all the rights of a child and the heir of the adopting parent or parents and shall be subject to the duties of a child to him or them." 23 Pa. C.S. §2902.

Accordingly, the Department's order dismissing the appeal as moot is affirmed.

_____
DAN PELLEGRINI, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Ramer, : 
               Petitioner : 
                : 
        v. : No. 1066 C.D. 2015
                : 
Department of Human Services, : 
               Respondent : 

# **O R D E R**

AND NOW, this 10th day of December, 2015, the Order of the Department of Human Services' Bureau of Hearings and Appeals dated June 9, 2015, is affirmed.

_____
DAN PELLEGRINI, President Judge