IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Kowal,                                    :
                              Appellant :
                                               :
            v.                          : No.  337 C.D. 2023
                                        : Submitted:  May 7, 2024
Ferndale Area School District and              :
Ferndale Area School District Board            :
of Education                                   :


OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                      FILED:  June 5, 2024


        John Kowal (Kowal) appeals from the order of the Court of Common Pleas
of Cambria County (Common Pleas), dated November 10, 2022, which sustained
the preliminary objections of Ferndale Area School District and Ferndale Area
School District Board of Education (collectively, the School District) and dismissed
his amended complaint with prejudice.[1]  Kowal contends the School District denied
him health benefits he was entitled to receive after retirement and failed to properly
compensate him for unused vacation, personal, and sick days.  After careful review,
we affirm.

## I. Background

        This case is the second litigation Kowal has pursued against the School
District involving essentially the same factual and legal disputes.  Kowal previously

---

[1] Kowal represented himself throughout the proceedings before Common Pleas and continues to
represent himself on appeal.

filed a lawsuit against the School District in federal court. As discussed in detail below, the School District obtained summary judgment against Kowal in 2021. *Kowal v. Ferndale Area Sch. Dist.*, No. 3:18-cv-181 (W.D. Pa., filed Nov. 29, 2021) (*Kowal III*). Kowal then filed a complaint against the School District in Common Pleas on February 28, 2022. The School District filed preliminary objections, which Common Pleas sustained in part and overruled in part by order dated June 6, 2022. Common Pleas directed Kowal to file an amended complaint, and he complied on July 27, 2022.

In substance, Kowal alleges he served as the School District's business manager for 30 years, until his retirement on September 12, 2017, at age 66. Kowal alleges the School District unlawfully terminated his health benefits in March 2018. According to Kowal, he retired with 353.3 unused sick days, which entitled him to 7.85 years of health benefits. Kowal points to the terms of the School District's Act 93 agreement,[2] which included a "Sick Leave Incentive Upon Retirement" (Incentive). *See* Reproduced Record (R.R.) at 49. The Incentive provided several options for employees to choose from, including trading in unused sick days for health benefits or receiving \$115 for each unused sick day. *Id.* at 50. The Incentive further provided that "[a]n employee shall be eligible for [the Incentive] if and only if: . . . the retirement shall occur before the employee attains the age of eligibility for Medicare." *Id.* at 49.

Because Kowal retired at age 66, he was eligible for Medicare and disqualified from receiving health benefits under the Incentive. Kowal alleges the Incentive's age limit should not have applied to him because, among other things, it violated the

---

[2] *See* Section 1164 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, added by Section 4 of the Act of June 29, 1984, P.L. 438, No. 93, 24 P.S. § 11-1164.

Age Discrimination in Employment Act (ADEA).[3] Kowal also alleges the School District agreed to waive the Incentive's age limit during a series of meetings and negotiations in 2017 and 2018. By letter dated January 19, 2018, the School District offered to establish a health reimbursement arrangement (HRA) for Kowal, under which he would exchange unused sick days for health benefits. *See* R.R. at 20. However, the School District's letter explained Kowal would "have until February 15, 2018, to make a decision in regard to that offer." Kowal Ex. 44-16. If Kowal did not accept the offer, the School District would remove him from its healthcare coverage, "reconcile the remaining sick days and pay that money out . . . as should have been done in the first instance." *Id.*

Kowal did not accept the School District's offer by the February 15, 2018 deadline. Instead, he attempted to accept the offer by sending an e-mail over a month later, on March 22, 2018. Kowal alleges he did not accept the School District's offer by the deadline because he filed a complaint with the Equal Employment Opportunity Commission and was waiting for it to complete an investigation. Meanwhile, the School District sent Kowal a check for the value of his unused sick days, totaling $22,213.71. Kowal refused to cash the check and alleges his unused sick days were worth $196,000. In addition, Kowal alleges he was entitled to compensation for unused vacation and personal days totaling $11,450.[4]

---

[3] 29 U.S.C. §§ 621-634.

[4] Kowal's amended complaint featured seven counts, all of which involved the School District's alleged failure to provide him with Incentive benefits and proper payment for his unused sick, vacation, and personal days. This included two counts of breach of contract and one count each of civil conspiracy to defraud; conversion; "appeal pursuant to the Local Agency Law[, 2 Pa.C.S. §§ 551-555, 751-754]"; wrongful termination of health reimbursement arrangement benefits; and failure to report and deliver unclaimed property. *See* Am. Compl. ¶¶ 60-147.

The School District filed preliminary objections on August 15, 2022. Primarily, the School District demurred to Kowal's allegations, arguing he failed to plead the existence of a contract entitling him to Incentive benefits or additional compensation for unused vacation, personal, or sick days. Kowal filed a response on August 29, 2022. By opinion and order dated November 10, 2022, Common Pleas sustained the School District's preliminary objections and dismissed Kowal's amended complaint with prejudice.[5] In relevant part, Common Pleas agreed with the School District that Kowal failed to plead the existence of a contract. Common Pleas concluded Kowal was eligible for Medicare at the time he retired and, therefore, was ineligible for the Incentive. R.R. at 9. Moreover, Common Pleas concluded Kowal failed to accept the School District's waiver offer by the February 15, 2018 deadline. *Id.* at 9-10. Common Pleas explained Kowal received the actual value of his unused sick days and failed to allege any contractual entitlement to compensation for unused vacation and personal days. *Id.* at 10-11.

Kowal timely appealed. On appeal, Kowal contends that the Incentive's age limit was unlawful and should not have applied to him, and that the School District agreed to waive the age limit. Kowal also argues the School District failed to properly compensate him for his unused vacation, personal, and sick days. In this context, Kowal alleges conversion and civil conspiracy by the School District and complains the School District failed to report the $22,213.71 check he refused to cash as unclaimed property. Finally, Kowal alleges Common Pleas displayed bias against him.

---

[5] In addition to the School District's demurrer, Common Pleas sustained a preliminary objection alleging failure to conform to law or rule of court and granted the School District's motion to strike Kowal's demand for attorney's fees.

## II. Discussion

Our standard of review from an order sustaining preliminary objections in the nature of a demurrer is *de novo*, and our scope of review is plenary. *RT Partners, LP v. Allegheny Cnty. Off. of Prop. Assessment*, 307 A.3d 801, 805 n.6 (Pa. Cmwlth. 2023) (citing *Raynor v. D'Annunzio*, 243 A.3d 41, 52 (Pa. 2020)). In other words, we do not defer to Common Pleas when reaching a decision, and we may review the entire record on appeal. *Mercury Trucking, Inc. v. Pa. Pub. Util. Comm'n*, 55 A.3d 1056, 1082 (Pa. 2012) (citing *Heath v. Workers' Comp. Appeal Bd. (Pa. Bd. of Prob. & Parole)*, 860 A.2d 25, 29 n.2 (Pa. 2004)). This Court reviews a demurrer to determine "whether, on the facts averred, the law indicates with certainty that no recovery is possible." *Vasquez v. Berks Cnty.*, 279 A.3d 59, 75-76 (Pa. Cmwlth. 2022) (quoting *Stilp v. Gen. Assembly*, 974 A.2d 491, 494 (Pa. 2009)). We accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the nonmoving party, but we "need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id.* at 76 (quoting *Stone & Edwards Ins. Agency, Inc. v. Dep't of Ins.*, 616 A.2d 1060, 1063 (Pa. Cmwlth. 1992)).

Before reaching the merits of Kowal's claims, we must consider the preclusive effect of his prior federal ligation against the School District. This Court may, "in appropriate cases," consider the preclusive effect of a federal judgment *sua sponte*. *See In re Stevenson*, 40 A.3d 1212, 1223 (Pa. 2012) (quoting *Plaut v.*

*Spendthrift Farm, Inc.*, 514 U.S. 211, 231 (1995)).[6] We have explained the doctrine of res judicata[7] as follows:

> The doctrine of *res judicata* encompasses two related, yet distinct, principles: technical *res judicata* (claim preclusion) and collateral estoppel (issue preclusion). Technical *res judicata* provides that when a final judgment on the merits exists, a future suit between the same parties on the same cause of action or claim is precluded. Technical *res judicata* applies when the following four factors are present: (1) identity in the thing sued upon or for; (2) identity of the causes of action; (3) identity of the persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued. This doctrine applies to claims that were actually litigated as well as those matters that could and should have been litigated. The essential inquiry is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to appear and assert their rights.
>
> Collateral estoppel bars re-litigation of an issue decided in a prior action. Collateral estoppel may be applied only if both cases involve the same issue, the prior action was litigated to a final judgment on the merits, the party to be estopped was a party or was in privity with a party to the prior action and had a full and fair opportunity to litigate the issue in the prior action, and resolution of the issue in the prior proceeding was essential to the judgment.

---

[6] We note for its persuasive value our unreported decision in *Burley v. State Representative Aaron Bernstine* (Pa. Cmwlth., No. 167 M.D. 2021, filed October 2, 2023), slip op. at 10-11 (quoting *Stevenson*, 40 A.3d at 1223) ("[T]his Court may, *sua sponte*, 'in appropriate cases' consider the question of whether a federal judgment has a preclusive effect in the interest of conserving judicial resources.").

[7] Although the School District did not raise res judicata in its preliminary objections to Kowal's amended complaint, it did raise the doctrine in limited fashion in its brief supporting the preliminary objections and its brief on appeal. Common Pleas determined Kowal's prior federal litigation precluded "any allegations that [he] was inadequately compensated in retaliation for his filing a charge of discrimination" with the Equal Employment Opportunity Commission. R.R. at 12. The School District also raised res judicata in its preliminary objections to five counts in Kowal's original complaint.

*Boulin v. Brandywine Senior Care, Inc. (Workers' Comp. Appeal Bd.)*, 307 A.3d 845, 851 (Pa. Cmwlth. 2024) (citations and quotation marks omitted).

Here, Kowal filed a complaint against the School District in the United States District Court for the Western District of Pennsylvania, alleging violations of the ADEA and the Pennsylvania Human Relations Act (PHRA).[8]  *Kowal v. Ferndale Area Sch. Dist.*, No. 3:18-cv-181 (W.D. Pa., filed Jan. 3, 2019), slip op. at 5.  Kowal also included a count alleging breach of contract.  *Id.*  Kowal alleged the School District agreed to provide him with 7.85 years of health benefits based on his unused sick days.  *Id.*, slip op. at 7.  The District Court concluded Kowal failed to sufficiently allege that he and the School District formed a valid contract and dismissed his claim without prejudice.[9]  *Id.*, slip op. at 8-12.

Kowal filed an amended complaint alleging a violation of the ADEA.  *Kowal v. Ferndale Area Sch. Dist.*, No. 3:18-cv-181 (W.D. Pa., filed Mar. 3, 2019), slip op. at 6.  In addition, he alleged the School District failed to compensate him for his unused sick, vacation, and personal days in violation of the Wage Payment and Collection Law (WPCL).[10]  *Id.*, slip op. at 6-7.  The District Court dismissed Kowal's WPCL claim with prejudice, concluding the School District was not an "employer" for purposes of that statute.  *Id.*, slip op. at 8 (collecting cases).

Finally, Kowal filed a second amended complaint, which alleged violations of the ADEA and PHRA.  *Kowal III*, slip op. at 14.  The District Court granted summary judgment in the School District's favor.  *Id.*, slip op. at 28.  Significantly, the District Court considered whether Kowal was entitled to Incentive benefits when

---

[8] Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. §§ 951-963.

[9] The District Court also dismissed Kowal's PHRA claim without prejudice.

[10] Act of July 14, 1961, P.L. 637, *as amended*, 43 P.S. §§ 260.1-260.45.

rejecting his ADEA and PHRA claims. The District Court concluded the School District took no materially adverse actions against Kowal and, therefore, did not retaliate against him in violation of these statutes. *Id.*, slip op. at 20-23. The District Court explained as follows, in relevant part:

> Kowal contends that [the School District] unilaterally mailing him a check for the value of his unused accumulated sick days in an amount significantly less than the amount to which he feels he is entitled is an adverse action. Kowal was ineligible to participate in the [Incentive], and, as such, was not entitled to sick day benefits at the time he retired. Although the [School District] granted a waiver of Kowal's Act 93 [a]greement, the [School District's] waiver was no longer valid because Kowal did not accept the HRA [p]roposal by the deadline of February 15, 2018. Notwithstanding Kowal's failure to respond by the February 15, 2018 deadline, [the School District] paid Kowal for the value of his unused accumulated sick days at the Act 93 rate of $115 per day (less his months of post-retirement healthcare coverage and payroll withholdings). No reasonable person in Kowal's position could conclude that receiving a cash payment for a benefit he or she was not entitled to, at a rate he or she was not entitled to, constitutes a materially adverse action.

*Id.*, slip op. at 22-23 (citations omitted). The United States Court of Appeals for the Third Circuit affirmed, addressing the same issue:

> [T]he record shows that Kowal was not eligible to use his accrued sick leave to receive post-retirement health insurance from [the School District] per the Act 93 agreement because he retired after he was able to enroll in Medicare. Although the [School District] approved a waiver to offer Kowal the HRA proposal, Kowal did not accept that offer before it expired. Kowal believes that he should be paid the value of the HRA proposal over the course of several years, which he has calculated at a significantly higher sum than the check he received. However, Kowal was informed that he would be paid the cash value of his unused sick time, with deductions to cover the cost of his post-retirement healthcare and payroll withholdings, if he did not accept the HRA proposal by the stated deadline. He did not request an extension of time or suggest any changes to the proposal at that point.

8

*Kowal v. Ferndale Area Sch. Dist.*, No. 21-3386 (3d Cir., filed Jan. 5, 2023), slip op. at 7.[11]

We conclude the entry of summary judgment against Kowal in the federal litigation, as affirmed on appeal, precludes his pursuit of this action. In the federal litigation, Kowal pursued or could have pursued the same claims against the School District that he raised in his amended complaint below. These included a breach of contract claim and a claim seeking payment for unused sick, vacation, and personal days. Technical res judicata shields the School District from the burden of relitigating these claims and in turn protects the courts "from the corresponding inefficiency and confusion" that would result. *See In re Coatsville Area Sch. Dist.*, 244 A.3d 373, 380 (Pa. 2021) (quoting *Wilkes ex rel. Mason v. Phoenix Home Life Mut. Ins. Co.*, 902 A.2d 366, 376 (Pa. 2006)).

Similarly, the federal courts resolved the same underlying factual and legal issues. The federal courts considered whether Kowal was contractually entitled to Incentive benefits when deciding his ADEA and PHRA claims, and concluded he was not. Like technical res judicata, collateral estoppel serves important policy goals, in that it "relieves parties of the cost and vexation of multiple lawsuits, conserves judicial resources, and, by preventing inconsistent decisions, encourages reliance on adjudication." *Your Towne Builders, Inc. v. Manheim Twp.*, 303 A.3d 1126, 1145 (Pa. Cmwlth. 2023) (quoting *Sheils as Tr. for Smith & Morris Holdings, LLC v. Bartles*, 295 A.3d 302, 309 (Pa. Cmwlth. 2023)). Applying collateral

---

[11] The United State Supreme Court denied *certiorari* on October 10, 2023. *See Kowal v. Ferndale Area Sch. Dist.*, 144 S.Ct. 280 (2023).

estoppel bars Kowal from raising questions the federal courts have already decided and, accordingly, furthers these goals.[12]

As a final matter, Kowal raises a claim of bias against the Common Pleas judge, which the federal litigation did not and could not resolve. Given our conclusion above, that the federal judgment against Kowal precludes him from pursuing this action, any claim of bias is moot. *See Burns v. Dep't of Hum. Servs.*, 190 A.3d 758, 761 (Pa. Cmwlth. 2018) (citing *Luzerne Cnty. Child. & Youth Servs. v. Dep't of Pub. Welfare*, 826 A.2d 84, 86 (Pa. Cmwlth. 2003)) ("An issue before the court is moot if, in ruling upon the issue, the court cannot enter an order that has any legal force or effect.").

Kowal also failed to preserve his claim of bias for our review. "Issues not raised in [Common Pleas] are waived and cannot be raised for the first time on appeal. Additionally, any party requesting the recusal or disqualification of a judge must raise the objection at the earliest possible moment, or that party will suffer the consequence of being time barred." *In re Jack Buncher Found.*, 309 A.3d 216, 225 (Pa. Cmwlth. 2024) (citations and quotation marks omitted). Kowal waived his claim by raising it for the first time in his concise statement of errors complained of on appeal.

Even accepting that Kowal preserved his claim of bias for our review, the record does not support his allegations. Kowal makes speculative personal attacks against the Common Pleas judge. Kowal's Br. at 20. He also includes a transcript

---

[12] To the extent Kowal's claim regarding unclaimed property falls outside res judicata, we note he relied in his complaint on a statutory provision indicating that "the Commonwealth shall bring an action in a court of appropriate jurisdiction to enforce reporting or delivery" of unclaimed property. *See* Section 1301.24(a) of The Fiscal Code, Act of April 9, 1929, P.L. 343, *as amended*, added by Section 5 of the Act of December 9, 1982, P.L. 1057, 72 P.S. § 1301.24(a). The provision Kowal cites does not permit him to bring an action against the School District.

10

excerpt from the October 28, 2022 argument on the School District's preliminary objections, interspersed with critical commentary. *Id.* at 21-25. Generally, the transcript shows the Common Pleas judge encouraging Kowal to obtain an attorney, attempting to explain the procedural posture of the case, and assuring Kowal that he would read his brief. The following exchange demonstrates this point:

> THE COURT: [The School District is] objecting to the format by which -- by what's included there as [counsel for the School District] set forth. Now, this is -- I mean, you're certainly allowed to appear pro se without an attorney, but you're getting to the point where you risk having the whole lawsuit thrown out if you don't hire an attorney.
>
> [Kowal]: I had an attorney and you can -- if you read the brief, there's reasons why I do not have that attorney at this point in time. The attorney was incompetent and ineffective in the federal case.
>
> THE COURT: I mean, there's a lot of attorneys out there that aren't that particular attorney. But you do what you want. I'm just telling you that they want another -- they're basically saying --
>
> [Kowal]: They've been saying that.
>
> THE COURT: Okay.
>
> . . . .
>
> [Kowal]: Okay. I mean, all I can say is read -- I hope you read the –
>
> THE COURT: I will.
>
> [Kowal]: -- the brief.

Notes of Testimony, 10/28/22, at 7, 10.

We presume the Commonwealth's judges are "honorable, fair and competent." *Cellucci v. Laurel Homeowners Ass'n*, 142 A.3d 1032, 1043 (Pa. Cmwlth. 2016) (citing *In re Lokuta*, 11 A.3d 427 (Pa. 2011)). Therefore, a party requesting recusal

"must produce evidence establishing bias, prejudice or unfairness 'which raises a substantial doubt as to the jurist's ability to preside impartially.'" *DeLuca v. Mountaintop Area Joint Sanitary Auth.*, 234 A.3d 886, 895 (Pa. Cmwlth. 2020) (quoting *Commonwealth v. Abu-Jamal*, 720 A.2d 79, 89 (Pa. 1998)). Far from demonstrating bias, the transcript of the October 28, 2022 argument shows the Common Pleas judge's efforts to protect Kowal's rights as an unrepresented litigant. We see no basis to conclude the Common Pleas judge harbored any impartiality against Kowal.

## III. Conclusion

The judgment entered against Kowal in the prior federal litigation precludes him from pursuing this action. Moreover, Kowal's claim of bias is moot, waived, or otherwise meritless. We affirm Common Pleas' order dated November 10, 2022, sustaining the School District's preliminary objections and dismissing Kowal's amended complaint with prejudice.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Kowal, :
                             Appellant : 
                                      :
              v.                      : No.  337 C.D. 2023
                                        :
Ferndale Area School District and :
Ferndale Area School District Board :
of Education :

**PER CURIAM**                     **O R D E R**

      **AND NOW**, this 5th day of June 2024, the order of the Court of Common Pleas of Cambria County, dated November 10, 2022, is **AFFIRMED**.